■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BRADLEY, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Kings County, June 26, 1958 sentencing appellant, after he had been found guilty by a jury of incest, to serve from 5 to 10 years. Judgment reversed on the law and the facts, and a new trial ordered. In our opinion it was error to admit, over objection, testimony by appellant's 15-year-old daughter, with whom he was accused of committing an act of sexual intercourse, that about three weeks thereafter she had made disclosure of the facts to a priest in confession. Such evidence is admissible in prosecutions for rape and similar charges involving sexual intercourse with violence, or irrespective of the female's consent, provided the disclosure is promptly made, but has no value unless the disclosure is the natural result of a sense of wrong which would prompt complaint on the first suitable occasion (*People* v. *O'Sullivan*, 104 N. Y. 481). It is not essential that there be an immediate complaint, since circumstances which tend to establish lack of suitable opportunity, or other valid reasons not inconsistent with the theory under which the evidence is admitted, may excuse delay. In such cases, however, the facts should be submitted to the jury so that they may determine the weight to be given to the disclosure and the effect of the delay (*People* v. *O'Sullivan, supra*). In the instant case no facts were disclosed before the jury which would explain or justify the delay, and evidence later adduced, not in the presence of the jury, did not indicate that the disclosure was made at the first suitable opportunity, or that it was the spontaneous result of the outrage which the prosecuting witness testified she had experienced. It was also error in our opinion to admit, over objection, evidence that appellant had committed an act of sodomy upon the prosecuting witness after the commission of the crime charged in the indictment. In prosecutions for crimes such as that of which appellant has been convicted, when the offense charged involves illicit sexual intercourse by consent, evidence of subsequent acts of like character may be relevant and competent, but they must tend to prove a mutual lewd disposition between the parties which existed at the time of the commission of the offense charged (*People* v. *Thompson*, 212 N. Y. 249). In the instant case, the evidence adduced established, if credited, that the subsequent act was committed over the objection of the prosecuting witness, and that there never had been any lewd disposition between them, since the act charged in the indictment, according to the evidence, was accomplished through fear induced by threats. Under the circumstances, no reason existed which justified a departure from the rule that a defendant in a criminal action may not be convicted of the crime charged against him by proof that he has committed another. Concededly, also, although no exception was taken thereto, the County Judge misquoted testimony of a medical witness in such manner that we are unable to say that appellant's rights were not prejudiced thereby. The testimony by the prosecuting witness was in some respects contradictory, and in others far from clear. Appellant took the stand in his own defense and denied categorically the charge made against him, and asserted that the evidence adduced in support of it was entirely false. His mother and father testified that at the time when the crime was alleged to have been committed, appellant and the prosecuting witness were at their (the parents') home. In our opinion, the errors referred to may not be disregarded, and a new trial is required in the interests of justice. Nolan, P. J., Wenzel, Murphy and Kleinfeld, JJ., concur; Beldock, J., dissents and votes

to affirm, with the following memorandum. The majority is reversing and ordering a new trial principally because the reasons for the delay of three weeks on the part of appellant's daughter in complaining about the incident should have been submitted to the jury. I agree that these facts were for the jury to evaluate. The record, however, discloses that the Trial Judge so indicated to appellant's counsel, who objected strenuously to this testimony. By reason of appellant's objection and to protect the appellant, the court permitted an inquiry of the appellant's daughter in the absence of the jury. The reasons for her delay of three weeks in complaining were fully disclosed. The jury was recalled and the trial resumed. The prosecutor then asked the appellant's daughter the following questions: "Maureen, was there a reason why you didn't tell somebody before you told the priest what happened to you between your father and you? A. Yes. Q. What is the reason?" At this point appellant's counsel again renewed his objection to this evidence coming before the jury. The court sustained the objection. The prosecutor again asked: "Why didn't you tell someone else before you told the priest three weeks later?" Appellant's counsel again objected, and the court again sustained the objection. Under these circumstances it was appellant's counsel who succeeded in preventing this explanation from coming before the jury. It was appellant's counsel who objected even when the court announced that it would hear the explanation in the absence of the jury, at which time appellant's counsel said: "May I have an objection on the record to this procedure?" In my opinion, the exclusion of this testimony was due to the trial technique of appellant's counsel, who obviously felt that the explanation would prejudice appellant and tend to support the testimony of appellant's daughter on the issue of credibility. The efforts of the prosecutor and the trial court to introduce the evidence concerning the delay of three weeks were frustrated by the repeated objections of appellant's own counsel. Accordingly, a reversal and a new trial because of the absence of this evidence is unwarranted. I do not agree with the majority's conclusion that there was reversible error in the introduction of evidence of appellant's other acts. The evidence of other acts was both relevant and competent in this prosecution. (*People* v. *Thompson*, 212 N. Y. 249.) The error in the court's reference to the medical testimony may be disregarded under section 542 of the Code of Criminal Procedure. This case presented sharp factual issues, which were solely for the jury to determine. Their finding of guilt is amply supported by the record. I see here no basis for a reversal and a new trial.