■ The People of the State of New York, Respondent, v Kenneth Smyers, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 23, 1990, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree (two counts) and sexual abuse in the first degree.

Defendant was indicted on seven counts of various sex crimes involving five women. At the jury trial, the alleged victims testified about the details of the incidents. It appears from the evidence that defendant knew the complainants through common employment at a restaurant and took advantage of these relationships in performing the crimes alleged, a social phenomenon now gaining recognition as acquaintance rape. The jury convicted defendant of rape in the first degree and sodomy in the first degree as to one woman, sodomy in the first degree as to a second woman and sexual abuse in the first degree as to a third woman. Defendant was sentenced to concurrent indeterminate prison terms of 8⅓ to 25 years for the crimes involving the first woman, with consecutive sentences of 7 to 21 years for the crime involving the second woman and 2⅓ to 7 years for the crime involving the third woman. Defendant appeals.

Defendant argues that County Court erred in refusing to dismiss certain jurors on grounds of bias. It is settled that a trial court's finding with regard to a juror's ability to serve should be set aside only where the error is manifest (People v

*Butts,* 140 AD2d 739, 740). Our ability to review defendant's precise contentions regarding the propriety of County Court's actions is somewhat difficult because, by the parties' consent, the voir dire of jury selection was not transcribed. From what we are able to discern in the record, however, we conclude that there are no manifest errors requiring reversal. One juror's expectation that defendant would prove his innocence was expressed before the jurors received their instructions as to the law and "the mere existence of any preconceived notion as to guilt or innocence is insufficient to rebut the presumption of impartiality" *(supra,* at 740).

Defendant's contention that another juror expressed partiality in stating that she would be swayed by the number of complainants is not manifest on the record as County Court did not recall such remarks by that juror. Concerning the juror whose niece had been raped, we note that previous holdings favor excusing only jurors whose immediate family members, viz., spouse and child, have been crime victims *(see, People v Sellers,* 73 AD2d 697) and that the juror here did not manifestly indicate partiality. Regarding the other jurors about whom defendant claims error, we also find no cause to reverse.

Defendant next argues that County Court erred in denying his severance motion without an in camera hearing. Defendant's motion for severance was based on a substantial likelihood of confusion because of differences in the People's proof as to each of the complainants *(see,* CPL 200.20 [3] [a]). In camera review of a defendant's proof for severance, however, is limited to motions for severance based on "the defendant's genuine need to refrain from testifying" (CPL 200.20 [3] [b] [ii]), which is a distinct ground from a substantial likelihood of confusion *(compare,* CPL 200.20 [3] [a], *with* CPL 200.20 [3] [b]). In the absence of reliance on defendant's genuine need to refrain from testifying, there was no statutory right to an in camera hearing. Considering that the alleged crimes were distinct acts with distinct victims so that there was little likelihood of confusion, we do not believe that County Court erred in failing to sever the counts for trial.

Defendant also claims that reversible error occurred because the prosecution withheld *Brady* material at the time of the severance motion and into the trial. The subject material is a medical report from a doctor's appointment by one of the complainants on the day after one of the alleged crimes. From the report, it is evident that the victim did not disclose the crime to her doctor and attributed rug burns on her back,

later linked to the crime, to a fall. Defendant ultimately was provided the medical report and used it during cross-examination so that any error regarding trial use was overcome *(see, People v Cortijo,* 70 NY2d 868, 870). Regarding the failure to disclose the material at the time of the motion for severance, the record reveals that defendant, in his discovery request, sought only reports prepared by or at the request of public servants or intended witnesses and not private physicians. In the absence of a specific request for the material, our review is limited to whether there is a reasonable probability that nondisclosure contributed to the result *(see, People v Vilardi,* 76 NY2d 67; *see also, People v Lesiuk,* 161 AD2d 21). Considering the rather straightforward nature of each alleged crime with rather precise testimony from distinct complainants and witnesses, we conclude that there is no reasonable probability that nondisclosure of the report at the earlier stage of the proceedings contributed to the ultimate disposition.

Defendant contends that County Court erred by permitting testimony beyond the permissible scope of the recent outcry exception of the hearsay rule at four separate times. With regard to two of the claimed errors, County Court struck the testimony and gave appropriate limiting instructions. With regard to another occurrence, County Court struck testimony but the witness nonetheless continued to describe her fear and shame as the reasons for waiting some period of time before reporting the incident. We have held that an outcry which has been delayed is nonetheless admissible under the recent outcry exception where an adequate explanation is provided *(see, People v Vincent,* 34 AD2d 705, 706, *affd* 27 NY2d 964). Considering that sex crimes were at issue, we have no hesitancy in holding that the explanation provided by this witness was sufficient *(see, People v Taylor,* 75 NY2d 277, 288-289).

With regard to the other challenged testimony, there was no explanation why the witness waited some three weeks after the incident before reporting it. This absence of explanation may be because County Court sustained a defense objection to further questioning of this complainant on this matter. In any event, any error in this regard, nonconstitutional in nature, does not require reversal because there is no significant probability that, absent the error, defendant would have been acquitted *(see, People v Crimmins,* 36 NY2d 230, 242). The complainant's unexplained failure to report the attack for some three weeks clearly might have impugned her credibility and might actually have worked to defendant's benefit. Despite such, the jury credited the testimony of this and the

other complainants. Considering the evidence against defendant, we conclude that there is no reason to reverse.

We reject defendant's contentions that the prosecution's summation was prejudicial and requires reversal. County Court sustained objections to the challenged statements and gave adequate limiting instructions. Finally, we find no abuse of County Court's discretion in sentencing that would require us to modify the sentences imposed.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.