■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KORNOWSKI, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction on several charges arising out of defendant's sexual abuse of the 16-year-old daughter of his girlfriend, defendant contends that the verdict is against the weight of the evidence and that the court erred in admitting evidence of the victim's statements to a counselor. The verdict is not against the weight of the evidence. The facts and circumstances relied upon by defendant do not compel the conclusion that the jury failed to give the evidence the weight it should be accorded (People v Bleakley, 69 NY2d 490, 495).

The victim's statements were properly admitted under the prompt complaint rule (see generally, Baccio v People, 41 NY 265; People v Ranum, 122 AD2d 959, 961). Defendant contends that the victim's complaint was not prompt because it occurred two to three weeks after the last incident of abuse and thus was inadmissible hearsay. The promptness of the com-

plaint is not measured in terms of time alone, but depends also on the reasons for the delay *(see, People v O'Sullivan,* 104 NY 481, 486-489; *Higgins v People,* 58 NY 377, 379; *People v Vincent,* 34 AD2d 705, 706, *affd* 27 NY2d 964; *People v Bradley,* 8 AD2d 982). Whether the complaint is sufficiently prompt depends upon whether it was made at the first "suitable opportunity" *(People v O'Sullivan, supra,* at 489), a determination that is based on the length of the delay, whether the victim had a prior opportunity to make the complaint, and whether threats, fear or other circumstances prevented her from making an immediate or earlier outcry *(People v O'Sullivan, supra,* at 489; *Higgins v People, supra,* at 379; *People v Vincent, supra; People v Bradley, supra).* Such questions are inherently factual and, except in cases of lengthy and unexcused delay, are appropriate for jury resolution *(People v Vincent, supra; People v Bradley, supra; see also, People v Smyers,* 167 AD2d 773, 775).

The complaint in this case was not unduly delayed. It was made within one day after the victim left her home, which was shared by defendant. She testified that she did not previously tell anyone because she was embarrassed, felt no one would believe her, feared being physically abused, and feared that she would be made to leave her home. Those reasons tend to support the conclusion that the complaint was made at the first suitable opportunity. In those circumstances, the victim's complaint was sufficiently prompt, and it was for the jury to determine "the weight to be given to the disclosure and the effect of the delay" *(People v Bradley, supra,* citing *People v O'Sullivan, supra).* (Appeal from Judgment of Erie County Court, Rogowski, J.—Sexual Abuse, 3rd Degree.) Present—Denman, P. J., Doerr, Green, Lawton and Davis, JJ.