■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE J. LUSSIER, Appellant. [613 NYS2d 466] —Peters, J. Appeal from a judgment of the County Court of Clinton County (Nicandri, J.), rendered June 21, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sodomy in the third degree, sexual abuse in the first degree (six counts), sexual abuse in the third degree (six counts) and endangering the welfare of a child.

Defendant was convicted of sodomizing a young boy who began working as a farmhand on a farm owned by defendant's family in Clinton County during the 1990-1991 school year. The victim worked there both after school and on weekends during the school year and during the summer recess. After his return from a summer vacation with his family, he complained to his sister after one day back on the job that defendant had sexually abused him. The victim was thereafter examined by two physicians. The first examination failed to reveal any evidence of sexual abuse, but the second examination by a doctor experienced in the subject area found a scar near the victim's anus consistent with his statement that defendant had attempted anal sodomy on him.

Defendant claims, *inter alia,* that the victim's testimony is

"incredible" and should be rejected by this Court. While we are certainly empowered to reverse a conviction if we find that the testimony of the victim involved "hopeless contradictions", where, as here, a youthful witness explains his contradictory testimony along with the reasons why he failed to promptly inform his parents of the abuse suffered at the hands of a defendant, the jury, as the trier of fact, is free to accept or reject the explanation offered *(see, People v De Tore,* 34 NY2d 199, *cert denied sub nom. Wedra v New York,* 419 US 1025).

Defendant further contends that his conviction must be reversed and the indictment dismissed because of the failure of the People to timely provide a copy of a State Police investigative report which included notes of an interview with the doctor who found no evidence of sexual abuse—material required to be disclosed pursuant to *Brady v Maryland* (373 US 83). Defendant contends that by the time he learned of such material, he was unable to secure the testimony of such doctor and therefore his rights to a speedy and fair trial were irreparably affected *(see, People v Taranovich,* 37 NY2d 442). Even assuming that a *Brady* violation had occurred at trial, it is well settled that the failure to timely produce *Brady* material will not require a mistrial or dismissal if a less drastic remedy can cure the prejudice caused by the violation *(see, People v Kelly,* 62 NY2d 516). Here, County Court imposed an appropriate sanction to remedy the potential prejudice and such sanction was agreed to by counsel for defendant.

Addressing next defendant's contention that County Court erred in its refusal to permit into evidence a psychological evaluation of the victim prepared by the victim's school psychologist, we find that the court correctly determined that defendant failed to sustain his burden of showing a factual predicate that the record could establish the unreliability of the victim or provide a motive to falsify *(see, People v Gissendanner,* 48 NY2d 543; *People v Tissois,* 131 AD2d 612, *affd* 72 NY2d 75). Having simply raised an issue as to the victim's general credibility, we find that County Court appropriately refused to admit the confidential report into evidence.

As to defendant's contention that County Court erred in allowing the victim's sister to testify to hearsay statements made by the victim when he stated that he did not want to go back to work because defendant had tried to "penetrate" him, we find that, whether we consider the victim's statements to his sister to be a prompt outcry *(see, People v McDaniel,* 81 NY2d 10) because he was allegedly sexually assaulted by

defendant the day prior to his disclosure or a delayed outcry adequately explained *(see, People v O'Sullivan,* 104 NY 481; *People v Kornowski,* 178 AD2d 984; *People v Smyers,* 167 AD2d 773, *lv denied* 77 NY2d 967), we find County Court's ruling to be correct.

Finally, as to defendant's contention that County Court erred in sentencing him consecutively after his conviction of sodomy and sexual abuse in the first degree because the two crimes occurred at the same place and time and arose out of a single criminal transaction *(see,* Penal Law § 70.25 [2]), we find that defendant correctly notes that the victim's testimony reflects the manipulation of the victim's penis and the placing of his penis in defendant's mouth as one continuous act. We therefore modify such sentences to run concurrently *(see, People v Brathwaite,* 63 NY2d 839; *People v Rodriguez,* 168 AD2d 520, *lv denied* 78 NY2d 926; *People v Hatch,* 105 AD2d 549). As to defendant's remaining contentions, we find them to be lacking in merit.

Cardona, P. J., Mikoll, White and Weiss, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as directed that the sentences imposed on the seventeenth and nineteenth counts of the indictment be served consecutively; said sentences to run concurrently with each other; and, as so modified, affirmed.