■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. WARD, Appellant. [636 NYS2d 708] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Genesee County Court, Morton, J.—Felony Driving While Intoxicated.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WALKER, Appellant. [636 NYS2d 252] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was deprived of a fair trial by the testimony of a complainant that she did not report defendant's alleged abuse until a few months after it occurred because she knew that defendant had a gun. That testimony was properly submitted to the jury to aid it in determining the weight to be given complainant's disclosure and the effect of the delay (see, People v O'Sullivan, 104 NY 481, 486-489; People v Kornowski, 178 AD2d 984, 985; People v Bradley, 8 AD2d 982). Contrary to defendant's contention, complainant's testimony did not constitute evidence of an uncharged crime.

We likewise reject defendant's contention that the court erred in refusing to charge the jury that the complainants may be interested witnesses. The court charged the jury that defendant was an interested witness and that it may consider whether any witness had an interest in the outcome of the case that might affect his or her testimony. Defense counsel did not assert that the complainants had a direct penal or personal interest in the outcome of the case and, thus, the court's general charge was sufficient (see, People v Diaz, 150 AD2d 885, 886, lv denied 74 NY2d 808; People v Alvarado, 140 AD2d 446, lv denied 72 NY2d 915).

Because defendant stipulated to the admission of the prior trial testimony of Dr. Lloyd, any error in the admission of that testimony has not been preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Egan, J.—Sexual Abuse, 1st Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.