■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT W. STICKLES, Appellant. [700 NYS2d 248] —Graffeo, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered August 19, 1998, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

Defendant's conviction arises out of the sexual abuse of a nine-year-old girl at defendant's home in the Town of Copake, Columbia County. As a result of his conviction, County Court sentenced defendant to consecutive terms of imprisonment of $3^{1/2}$ to 7 years on each of the sexual abuse counts, with a concurrent term of one year in prison for the endangering the welfare of a child count.

Defendant appeals, initially contending that his conviction was not supported by legally sufficient evidence. The determination of legal sufficiency is based on "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v White*, 261 AD2d 653, *lv denied* 93 NY2d 1029).

Here, after a lengthy voir dire prior to swearing her in as a witness, the victim, then 10 years of age, testified that the first incident occurred in December 1996 while she was staying at defendant's home. She described how defendant started rubbing her stomach and then moved his hands into her underwear and "down to [her] private"[1] while they were watching television together. The child recounted a similar incident in April 1997 and continuing instances of abuse which she alleged occurred three or four times between December 1996 and April 1997. She further relayed that after the initial incident and on one other occasion, defendant warned her that she "might get in big trouble" if she told anyone about these events. The victim's mother testified that her daughter disclosed information to her regarding defendant's actions in April 1997. Thereafter, during a meeting between the victim's mother, defendant and defendant's wife, defendant apologized but asserted that the child "put his hand between her legs". This evidence, when viewed in a light most favorable to the prosecution (*see, People v Harper*, 75 NY2d 313, 316; *People v Contes*, 60 NY2d 620, 621), was sufficient to establish that there was sexual contact between defendant and the victim, an individual less than 11 years old, thereby satisfying the elements of sexual abuse in the first degree (*see, People v Soulia*, 263 AD2d 869; *People v Roe*, 235 AD2d 950, *lv denied* 88 NY2d 1099) and endangering the welfare of a child (*see, People v Bailey*, 252 AD2d 815, *lv denied* 92 NY2d 922).

We also reject defendant's assertion that the testimony of the child's mother contained inadmissible hearsay. In the absence of an objection to the mother's testimony regarding the conversation she had with defendant wherein he described his version of the physical contact with the child, defendant's hearsay contention was not preserved for appeal (*see,* CPL 470.05 [2]; *People v McGuinness*, 245 AD2d 701, 702). However, were we to consider this issue, we would find that the testimony

---

**1.** During her testimony regarding her "private", the victim pointed to the pertinent part of her anatomy.

was admissible as an admission by defendant (*see, People v Knox*, 232 AD2d 811, 812, *lv denied* 89 NY2d 943). With respect to the mother's statements concerning her daughter's remarks that she had been abused, such testimony was admissible since the delayed revelation was adequately explained by the fact that defendant had threatened the victim that she would face "big trouble" if she divulged his acts to anyone (*see, People v Lussier*, 205 AD2d 910, *lv denied* 83 NY2d 1005, *cert denied* 513 US 1078; *People v Smyers*, 167 AD2d 773, *lv denied* 77 NY2d 967; *see also, People v Kornowski*, 178 AD2d 984, *lv denied* 89 NY2d 1096).

Defendant next argues that he was denied due process when the prosecutor failed to promptly convey to the defense a copy of an entry from the victim's diary of a writing and a picture depicting defendant as a stick figure. The diary entry supported the victim's testimony that the revelation of defendant's conduct to the victim's mother occurred on April 8, 1997. To the extent that the diary page could be considered exculpatory material, the prosecution's failure to deliver the material to defendant in a timely manner[2] did not constitute reversible error because defendant was ultimately provided the evidence, had sufficient opportunity to cross-examine the witness concerning the diary entry, and a review of the record reveals no reasonable probability that nondisclosure of the evidence at an earlier point in the proceedings contributed to the final disposition (*see, People v Smyers, supra*, at 774-775).

Defendant's assertion that County Court should have dismissed the indictment because the victim's competency was not established prior to testifying before the Grand Jury is meritless. As defendant was convicted on legally sufficient evidence, he is precluded, as a matter of law, from challenging the sufficiency of the evidence presented to the Grand Jury (*see, People v Schulze*, 224 AD2d 729, *lv denied* 88 NY2d 853; *see also, People v Wilson*, 255 AD2d 612, *lv denied* 93 NY2d 981).

We also find unavailing defendant's claim that he was denied a fair trial because of a hearing impairment. Prior to jury selection, this issue was addressed by County Court and defendant agreed that if he experienced any difficulty in hearing the proceedings, he would advise the court. Defendant's counsel made no request for other accommodation and defendant responded to all of the court's inquiries during pretrial proceedings without apparent difficulty. Defendant requested a read back of testimony at only one juncture during the trial. In re-

---

2. The prosecutor indicated on the record that she only became aware of the existence of the diary on the first day of trial.

sponse, the court immediately ordered a recess and defendant was permitted to confer with his attorney while on lunch break and, thereafter, the cross-examination of the victim was read back to defendant out of the presence of the jury. At no other time did defendant express an inability to hear the testimony, nor did he indicate his need for a hearing device when advised by the prosecutor of its availability (*see generally*, *People v Koons*, 213 AD2d 812, *lvs denied* 85 NY2d 940, 86 NY2d 737). Based on the foregoing, the record does not support a denial of due process.

Lastly, we disagree that the sentence imposed on defendant was harsh and excessive. The two counts of sexual abuse in the first degree pertain to separate and distinct acts (*see*, *People v Willard*, 226 AD2d 1014, 1020, *lv dismissed* 88 NY2d 943, *lv denied sub nom. People v Carpenter*, 88 NY2d 981) and the sentences of $3^1/2$ to 7 years on those counts and the concurrent term of one year for endangering the welfare of a child conviction are within the permissible statutory ranges. Furthermore, we find no abuse of discretion on the part of County Court, nor does this case present extraordinary circumstances necessitating a reduction in the sentence (*see*, *People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805).

Defendant's remaining contentions have been considered and found lacking in merit.

Crew III, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.