(May 18, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. SMITH, Appellant. [710 NYS2d 648] —Rose, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered August 19, 1998, upon a verdict convicting defendant of the crimes of attempted sodomy in the first degree (two counts) and sodomy in the first degree (two counts).

Defendant's conviction arises out of two incidents of sodomy and two incidents of attempted sodomy of the victim, a 10-year-old girl, at a residence shared by the victim, the victim's grandmother and defendant, the victim's step-grandfather, in the Town of Lake Luzerne, Warren County. As a result of his conviction, County Court sentenced defendant to consecutive terms of imprisonment of 7½ to 15 years on each of the two

counts of attempted sodomy in the first degree and 12½ to 25 years on each of the two counts of sodomy in the first degree.

Defendant appeals, initially contending that his indictment, which alleges an attempted sodomy occurring in the spring of 1997 and an attempted sodomy and two acts of sodomy occurring in the summer of 1997, was not valid and should have been dismissed. Specifically, defendant contends that due to the large time span charged in the indictment it was impossible for him to raise a defense. Defendant also contends that the time period within which the indictment was filed was unreasonable and prejudicial. We disagree and confirm the conviction.

"One of the essential functions of an indictment in modern practice is to provide the defendant with sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow him or her to prepare or conduct a defense" (*People v Morris*, 61 NY2d 290, 293). A court must consider the following factors to determine if a more precise date could have been given in the indictment: (1) the age and intelligence of the victim, (2) the surrounding circumstances, and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately (*see, id.*, at 296).

We note first that the issue regarding the legal sufficiency of the indictment is not preserved for our review as defendant did not raise it in the stipulation in lieu of motions (*see, People v Nailor*, 268 AD2d 695). Were we to consider this issue, however, we would find defendant's contentions to be without merit. Here, after each sexual act, defendant threatened the victim by asking, "Who are they going to believe?", to which the victim replied, "You". The victim was only 10 years old at the time and defendant was in a position of trust and authority. When the victim tried to tell her aunt and her grandmother about the abuse, both questioned her truthfulness. It was not until she was later in Colorado that she was able to tell her mother. The indictment was then brought against defendant in February 1998. In light of these circumstances, the comparatively short delay of six months in filing the indictment was reasonable and the indictment's specification of the spring of 1997 or the summer of 1997 as the time period alleged in each of the counts was sufficiently adequate to satisfy the requirements of CPL 200.50 (6) and due process (*see, People v Morris, supra; People v Keefer*, 262 AD2d 791, *lv denied* 94 NY2d 824).

Defendant's related contention that the proof at trial as to the time periods of the crimes was different than those stated

in the indictment also lacks merit. The indictment alleges that the crimes occurred in the spring of 1997 and the summer of 1997, and this is what the victim testified to at trial. Specifically, she testified that in the late spring of 1997, defendant entered the bathroom as the victim was taking a shower and locked the door behind him. Defendant told her to lay on the floor, while he unbuckled his pants. He then told her to stand up and "he put his private part, his penis in [the victim's] butt". After defendant was finished, defendant then stated, "You know who they'll believe right?", and she responded, "Yes," to which defendant exclaimed, "Who?", and she answered, "You." The victim also testified that on three separate occasions during the summer of 1997 defendant entered the victim's bedroom, closed and secured the door with a shoe; and then compelled the victim to perform oral sex or attempted anal intercourse with her. This proof established a reasonable approximation of when the criminal conduct occurred, given the nature of the offense, the age of this victim and the circumstances of the case.

Defendant next contends that his conviction was not supported by legally sufficient evidence. The determination of the legal sufficiency of evidence is based on " 'whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged' " (*People v Stickles*, 267 AD2d 604, 605, quoting *People v Bleakley*, 69 NY2d 490, 495). Here, defendant does not dispute that evidence of the elements of the crimes charged was presented through the trial testimony of the victim. Relying primarily on the reversal in *People v Lebron* (184 AD2d 784), defendant instead argues that contradictions in the victim's own statements and conflicts with the statements of other witnesses renders her testimony so unworthy of belief as to be incredible as a matter of law.

Defendant cites the victim's inconsistent statements as to whether three or four incidents occurred, her aunt's testimony that the victim had admitted lying about defendant's conduct in order to have her grandmother all to herself, and her grandmother's testimony that the bathroom where one of the incidents allegedly occurred was too small for the victim to lie on the floor as she described. Defendant also contends that the victim's testimony should not be given too much weight because she expanded her story each time she told it prior to trial.

When reviewing whether the verdict was supported by

legally sufficient evidence, we afford great deference to the jury's conclusions as to the credibility of witnesses and the weight to be given to their testimony (*see, People v Rogers*, 247 AD2d 765, *lv denied* 91 NY2d 976, 977; *see, People v Day*, 215 AD2d 894, 895-896, *lv denied* 86 NY2d 793). As a result, legal insufficiency may be based on credibility only when the testimony of a witness is so contradicted by compelling evidence that it is unworthy of belief as a matter of law (*see, People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805; *People v Carthrens*, 171 AD2d 387, 392).

Here, the minor inconsistencies in the victim's testimony, the victim's temporary recanting of earlier allegations under familial pressure, and the apparent conflict with her grandmother's description of the scene of the sexual assault were issues for the jury to consider and resolve. They do not rise to the level of the unexplained material contradictions and physical impossibility that supported the reversal in *People v Lebron* (*supra*, at 786-787) or otherwise render her testimony incredible as a matter of law (*see, People v Thibodeau*, 267 AD2d 952, 953).

Lastly, defendant contends that the sentence is harsh and excessive because he is a law-abiding man who has raised a family, never committed a felony and now faces an aggregate period of imprisonment tantamount to a life sentence. We cannot agree. The two counts of sodomy and two counts of attempted sodomy pertain to separate and distinct acts (*see, People v Willard*, 226 AD2d 1014, 1020, *lv dismissed* 88 NY2d 943, *lv denied* 88 NY2d 981, 89 NY2d 920), and the consecutive sentences of 12½ to 25 years and 7½ to 15 years on those respective counts are within the permissible statutory ranges. While defendant had no prior criminal convictions, County Court properly considered the nature of the crimes of which he was convicted, defendant's exploitation of the young victim's trust and defendant's lack of remorse (*see, People v Miller*, 226 AD2d 833, 837, *lv denied* 88 NY2d 939; *People v Gutkaiss*, 206 AD2d 628, 632, *lv denied* 84 NY2d 936). These factors, combined with evidence of earlier unprosecuted charges of sexual abuse of defendant's two stepdaughters and the opinion of the author of the presentencing report that defendant was a sexual predator whose incarceration for a lengthy period of time was necessary to prevent him from committing similar acts in the future, amply support County Court's exercise of its discretion. This case presents no extraordinary circumstances necessitating a reduction in the sentence.

Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.