■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. SHOOK, Appellant. [743 NYS2d 573] —Cardona, P.J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 14, 2000, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child.

Defendant was indicted for sexual abuse in the first degree (three counts) and endangering the welfare of a child stemming from incidents allegedly occurring in 1999 with the then 10-year-old son of his former girlfriend. Defendant was arraigned on June 14, 2000, at which time he was advised by County Court that any pretrial hearings would be held on October 13, 2000 and the trial would begin on October 16, 2000. In addition, County Court advised defendant, "If you are not present, I will assume you are giving up your right to be present and have the hearings and trial without you. Do you understand that?" Defendant replied in the affirmative.

Thereafter, Supreme Court (Connor, J.) granted defendant's writ of habeas corpus and reduced his bail to $10,000. Defendant posted bail and was released. Subsequently, County

Court, following a hearing, revoked his bail upon finding that defendant's violation of an order of protection demonstrated that he would not comply with court orders to appear when directed. However, Supreme Court granted another writ of habeas corpus and reinstated defendant's bail.

On October 13, 2000, defendant failed to appear for his *Huntley* hearing. County Court recessed the hearing, revoked defendant's bail, issued a warrant for his arrest, sent police to his place of employment and his home, and requested that defense counsel call anyone who could help locate defendant. The court then held a *Parker* hearing at which Kevin Skype, a City of Hudson Police Officer, testified. Skype related a conversation with defendant's girlfriend who stated that defendant left for North Carolina at 11:30 A.M. the previous day. As a result, the court proceeded to conduct the *Huntley* hearing in defendant's absence. When defendant also failed to appear for trial, he was tried in absentia and found guilty as charged. Thereafter, he was sentenced in absentia to consecutive determinate prison terms of seven years upon each of his three convictions for sexual abuse in the first degree and a concurrent one-year definite term upon his conviction of endangering the welfare of a minor. Defendant appeals.

Defendant argues that County Court failed to make reasonable efforts to locate him before conducting the proceedings in his absence.[1] We find that County Court expended reasonable efforts to secure defendant's attendance at trial. The trial in absentia proceeded only after it became apparent that "a further adjournment pending execution of the bench warrant would not likely result in locating [him] within a reasonable period of time" (*People v Sumner*, 254 AD2d 537, 538). In fact, defendant was not found until he surrendered to authorities in Texas subsequent to his sentencing.

Next, defendant contends that the jury's verdict convicting him of three counts of sexual abuse in the first degree was not supported by legally sufficient evidence. When a claim of legal insufficiency is made, we examine the evidence " 'in a light most favorable to the People * * * to determine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Acosta*, 80 NY2d 665, 672, quoting *People v Steinberg*, 79 NY2d 673, 681-682; *see, People v Contes*, 60 NY2d 620).

A person commits sexual abuse in the first degree when he

---

1. Defendant does not challenge the propriety of the *Parker* admonishment itself.

or she subjects another person under the age of 11 years to sexual contact (*see*, Penal Law § 130.65 [3]). Here, the victim testified that on three occasions in 1999, when he was 10 years old, defendant placed his hand into the victim's underwear and touched his "privates." The victim indicated that, during the first incident, defendant pulled his underwear down. During the others, defendant slipped his hand into the victim's underpants tickling and touching his privates playing a game called "where's George," "George" being defendant's name for the victim's privates. Immediately following the first incident, defendant warned the victim not to tell anyone or he would be harmed. We find that the foregoing evidence presented a valid line of reasoning together with permissible inferences from which any rational jury could find defendant guilty beyond a reasonable doubt of all the essential elements of the crime of sexual abuse in the first degree (*see*, Penal Law § 130.65 [3]; *People v Stickles*, 267 AD2d 604, 605, *lv dismissed* 95 NY2d 839).

Next, we address defendant's argument that the verdict was against the weight of the evidence. Initially, we note that although there were some inconsistencies between the testimonies of the victim and the other child witness, they were not such as would render either witness's testimony unworthy of belief as a matter of law (*see*, *People v Smith*, 272 AD2d 713, 715-716, *lv denied* 95 NY2d 871). Furthermore, while it may be argued that a different verdict would not have been unreasonable based upon the evidence, upon " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), we find that the jury gave the evidence the weight it should be accorded (*see*, *People v Bleakley*, *supra* at 495; *People v Stokes*, 290 AD2d 71, 73-74).

We turn to defendant's contention that County Court erred in admitting the details of the victim's complaint of the first incident through the testimony of another child witness in whom the victim confided, as a prompt outcry exception to the rule against admission of prior consistent statements (*see*, *People v McDaniel*, 81 NY2d 10, 16-18; *People v Rice*, 75 NY2d 929, 932). Since defendant failed to object to the admissibility of this testimony at trial, did not move to strike it or seek an appropriate limiting instruction (*see*, *People v Pace*, 145 AD2d 834, 836, *lv denied* 73 NY2d 894), we find the issue not preserved for appellate review (*see*, CPL 470.05; *People v*

*Archer*, 232 AD2d 820, 822, *lv denied* 89 NY2d 1087; *People v Pace, supra* at 836). Furthermore, we decline to exercise our interest of justice jurisdiction to take any corrective action (*see*, CPL 470.15 [6] [a]; 470.20 [1]).

Defendant also contends that County Court improperly considered its determination that defendant violated the Hudson City Court's order of protection when it imposed sentence. A defendant is deprived of due process when he or she is sentenced "on the basis of ' "materially untrue" assumptions or "misinformation" ' " (*People v Naranjo*, 89 NY2d 1047, 1049, quoting *United States v Pugliese*, 805 F2d 1117, 1123, quoting *Townsend v Burke*, 334 US 736, 741). As long as the sentencing court bases the sentence on reliable and accurate information, due process will be satisfied (*see*, *People v Naranjo*, *supra* at 1049; *People v Outley*, 80 NY2d 702, 712).

Testimony at defendant's bail revocation hearing indicated, inter alia, that, subsequent to his arrest, he drove by the victim's home four times, slowed down on two of those occasions and laughed in the direction of the victim's mother while she and the victim were outside. County Court found this conduct violative of City Court's order of protection, which had apparently directed defendant to stay away from the victim's home,[2] and used it as a basis for revoking defendant's bail. Supreme Court thereafter granted defendant's writ of habeas corpus and reinstated his bail, finding, inter alia, that the absence of a petition alleging a violation of the order of protection was contrary to defendant's right to due process.

Prior to sentencing defendant, County Court stated that it "cannot ignore the hearing that it held prior to trial, after which it was determined that the defendant violated the City Court's Order of Protection put in place * * * to protect the child." We find that Supreme Court's determination to reinstate bail did not render materially untrue the underlying facts related by the People's witnesses at the bail revocation hearing to the effect that defendant had impermissible contact with the victim's family. Thus, we cannot say that County Court based defendant's sentence upon unreliable and inaccurate information in violation of his right to due process.

Finally, defendant argues that the imposition of three consecutive determinate seven-year prison terms was unduly harsh and excessive. Since each sexual abuse charge was a separate and distinct act, the imposition of consecutive sen-

---

2. The record does not contain the order of protection issued by City Court.

tences was legally authorized (*see, People v Laureano*, 87 NY2d 640, 643; *People v Harmon*, 264 AD2d 941, 942). Moreover, the term of imprisonment for each is within the statutorily permissible range which provides for a minimum determinate prison term of two years and a maximum determinate prison term of seven years (*see*, Penal Law § 70.02 [1] [c]; [3] [c], as amended by L 1998, ch 1, § 7). Although, this Court has broad plenary power to modify a sentence in the interest of justice even if it is within the permissible statutory parameters (*see, People v Delgado*, 80 NY2d 780, 783; *People v Demeritt*, 291 AD2d 726, 729-730; *People v Sheppard*, 273 AD2d 498, *lv denied* 95 NY2d 908; *see also*, CPL 470.15 [6] [b]), "our intrusion into [that] discretionary area * * * should rarely be exercised" (*People v Sheppard, supra* at 500). Here, defendant repeatedly exploited his young victim's trust and threatened harm in the event of disclosure. We are of the opinion that County Court did not abuse its sentencing discretion nor do we find extraordinary circumstances warranting a reduction in defendant's sentence (*see, People v Stickles*, 267 AD2d 604, 607, *supra*).

We have considered defendant's remaining contentions and find that they lack merit.

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.