People v Duarte (2020 NY Slip Op 51435(U))

[*1]

People v Duarte (Vladimir)

2020 NY Slip Op 51435(U) [69 Misc 3d 148(A)]

Decided on November 27, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 27, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

18-132

The People of the State of New 
 York, Respondent,
against
Vladimir Duarte, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered July 31, 2017, after a nonjury trial, convicting him
of forcible touching and sexual abuse in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered July 31, 2017, affirmed.
The verdict convicting defendant of forcible touching (see Penal Law §
130.52[1]) and sexual abuse in the second degree (see Penal Law § 130.60[2]) was
supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d
342, 348 [2007]). There is no basis for disturbing the court's credibility determinations,
including its evaluation of the 13-year- old victim's testimony. While defendant claims that the
victim's testimony was incredible because she initially lied to the police about the precise street
location of the forcible touching/sexual abuse suffered at the hands of defendant, a stranger to
her, the infant victim explained her reasons for so doing, and the trial court, as the trier of fact,
was free to accept or reject the explanation offered (see People v De Tore, 34 NY2d 199
[1974], cert denied 419 US 1025 [1974]; People v Lussier, 205 AD2d 910 [1994],
lv denied 83 NY2d 1005 [1994], cert denied 513 US 1078 [1995]). Furthermore,
the victim's trial testimony was corroborated by her classmate and school safety officer, to whom
she reported the crime shortly after it occurred, and by video surveillance footage showing
defendant and the victim in the same area at the time of the incident, with defendant wearing the
distinctive gold-framed glasses described by the victim. 
Viewing the record as a whole, we conclude that defendant did not make a clear and
unequivocal request to proceed pro se, sufficient to express the "definitive commitment to
self-representation" that would trigger the need for a full inquiry by the court (People v LaValle, 3 NY3d 88, 106
[2004]). Rather than being unequivocal, defendant's expression of a desire to represent himself
came within the context of his complaints about his counsel (see People v Gillian, 8 NY3d 85, 88 [2006]; People v
Payton, 45 NY2d 300, 314 [1978], revd on other grounds 445 US 573 [1980]; People v Little, 151 AD3d 531
[2017], lv denied 30 NY3d 951 [*2][2017]).In any event,
defendant abandoned his request by proceeding with the scheduled suppression hearing and
subsequent trial without expressing any further desire to represent himself (see People v
Gillian, 8 NY3d at 88; People v
Berrian, 154 AD3d 486, 487 [2017], lv denied 30 NY3d 1103 [2018]; People v Cornelius, 132 AD3d 495
[2015], lv denied 26 NY3d 1087 [2015]).
Defendant failed to preserve his present contention that the trial court's actions deprived him
of his constitutional right to a fair trial (see People v Kello, 96 NY2d 740 [2001];
People v Charleston, 56 NY2d 886 [1982]; People v Williams, 63 Misc 3d 148[A], 2019 NY Slip Op
50721[U][App Term, 1st Dept 2019]), and we decline to review it in the interest of justice. As an
alternative holding, we reject this claim on the merits. The court was "entitled to question [the]
witness... to clarify testimony and to facilitate the progress of the trial and to elicit relevant and
important facts" (People v Williams,
107 AD3d 1516, 1517 [2013], lv denied 21 NY3d 1047 [2013][internal quotation
marks omitted]), and we conclude that it did not improperly "take[] on either the function or
appearance of an advocate" when dealing with the 13-year-old victim (People v Arnold,
98 NY2d 63, 67 [2002]; see People v Yut Wai Tom, 53 NY2d 44, 57—58 [1981]).
In any event, since this was a bench trial, there was no risk of improper influence as a result of
the court's questions since there was no jury to influence (see People v Byrd, 152 AD3d 984, 988 [2017], and the court was
presumed to have made "an objective determination based on appropriate legal criteria, despite
awareness of facts which cannot properly be relied upon in making the decision" (People v Kachadourian, 184 AD3d
1021, 1029 [2020][internal citation omitted]; see People v Pabon, 28 NY3d 147, 157 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 27, 2020