THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOZADO, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered June 22, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (2 counts), and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 15 years to life, 6 years to life (on each of 2 counts), and 4-½ to 9 years, respectively, unanimously modified, on the law, to reduce the concurrent sentence on the weapon conviction to a term of imprisonment of 3-½ to 7 years, and otherwise affirmed.

Testimony at trial was that an undercover narcotics officer made three separate purchases of drugs from defendant, who operated out of his home. Upon defendant's arrest at his home, pursuant to a warrant, a loaded and operable sawed-off shotgun in plain view was recovered.

The trial court properly permitted admission of the undercover officer's testimony explaining the use and meaning of code words contained in two tape-recorded telephone negotiations regarding one of the drug sales involved in this case. Contrary to defendant's claim on appeal, such testimony need not have been admitted as qualified expert testimony, but was properly admissible, over defendant's general objection, for the purpose of allowing the undercover officer, as a party to the conversations, to explain his understanding of the code words, not facially apparent *(see, e.g., People v Sachs,* 162 AD2d 125, *lv denied* 76 NY2d 795).

As defense counsel's summation repeatedly and graphically attacked the credibility of the undercover officer, the prosecutor's summation comments on credibility constituted appropriate response *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Additionally, the trial court promptly sustained defense counsel's objection to the prosecutor's summation comment inviting the jury to consider the undercover officer's

general character, and appropriately instructed that the matter was not an issue in this case. In all other respects, the prosecutor's summation constituted fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument (see, People v Galloway, 54 NY2d 396).

As conceded by the People, the imposed sentence herein of 4-½ to 9 years imprisonment on the weapon count exceeds the maximum sentence permissible in the instant circumstances (Penal Law § 70.06 [3] [d]; [4] [b]), and thus we reduce such sentence to a concurrent term of imprisonment of 3½ to 7 years.

We have considered defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.