■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD KIDD, Appellant. [696 NYS2d 593] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale and criminal possession of a controlled substance in the third degree (Penal Law § 220.39 [1]; § 220.16 [1]) and sentencing him to concurrent indeterminate terms of $8^{1}/_{3}$ to 25 years on each count. Defendant contends that he was deprived of a fair trial by prosecutorial misconduct on summation, including instances of vouching for the credibility of witnesses, burden shifting, and appeals to the jurors' fears and emotions; that the verdict is against the weight of the evidence; and that the sentence is unduly harsh or severe.

No objections were made by defense counsel concerning the alleged improper comments, and defendant therefore failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see, People v Tonge*, 93 NY2d 838, 839-840). In any event, that contention lacks merit. Some of the prosecutor's comments were in direct response to defense counsel's attacks on the credibility of prosecution witnesses (*see, People v Halm*, 81 NY2d 819, 821) and "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399). The remaining comments, while improper, did not deny

defendant due process of law (*see, People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

The verdict is not against the weight of the evidence. The police witnesses were consistent in identifying defendant as the drug seller. One had known defendant for years and positively identified him as the person who had entered and exited the apartment house. The other observed defendant at close range for several minutes during the drug buy. Additionally, she viewed defendant's picture that day, prior to the sale, and also the next day in connection with her appearance before the Grand Jury. The jury did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

We have considered defendant's challenge to the severity of the sentence and conclude that the sentencing court properly took defendant's extensive criminal record into account in imposing the maximum term (*see, People v Hughes*, 260 AD2d 657). (Appeal from Judgment of Oswego County Court, McCarthy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.