■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RAWLINSON, Appellant. [720 NYS2d 866] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of three counts of rape in the first degree (Penal Law § 130.35 [1], [3]) and one count of rape in the second degree (Penal Law § 130.30). The testimony of the victim was not improperly bolstered; rather, the People adduced admissible evidence of her prompt complaints (*see, People v McDaniel,* 81 NY2d 10, 16-17; *People v Kornowski,* 178 AD2d 984, 985, *lv denied* 89 NY2d 1096; *see also, People v Kirkey,* 248 AD2d 979, 980, *lv denied* 92 NY2d 900), which did not contain unnecessary or impermissible details (*see, People v Aybinder,* 215 AD2d 181, 181-182, *lv denied* 86 NY2d 840; *cf., People v Rice,* 75 NY2d 929, 931-932). Moreover, the record supports the conclusion that each complaint was made at " 'the first suitable opportunity' " (*People v McDaniel, supra,* at 17; *see, People v Kornowski, supra,* at 984-985).

The People concede that the sentence is illegal insofar as it imposes a term of incarceration of 3½ to 7 years for rape in the second degree (*see,* Penal Law § 70.00 [3] [b]; [4]). We therefore modify the judgment by reducing the sentence imposed on the count of rape in the second degree to a term of incarceration of 2⅓ to 7 years (*see, e.g., People v Wingate,* 225 AD2d 1085, *lv denied* 88 NY2d 970; *People v Lozado,* 180 AD2d 410, 411).

We have considered the contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.