■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RODRIGUEZ, Appellant. (Appeal No. 1.) [728 NYS2d 597] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts each of sodomy in the first degree (Penal Law § 130.50 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]), and sodomy in the third degree (Penal Law § 130.40 [2]). As a result of an error in his original sentencing, defendant was resentenced to concurrent and consecutive terms, resulting in an aggregate determinate sentence of imprisonment of 36 years.

Defendant contends that Supreme Court erred in admitting the testimony of a school social worker to whom the victim, the 14-year-old daughter of defendant's live-in girlfriend, reported the incidents. By failing to object to that testimony, defendant failed to preserve his contention for our review (see, CPL 470.05 [2]). In any event, the testimony of the social worker was properly admitted under the prompt complaint exception to the rule that the testimony of a witness may not be bolstered with pretrial statements (see generally, People v McDaniel, 81 NY2d 10, 16). Although the complaint was made nine days after the last incident occurred, whether a complaint was prompt "is not measured in terms of time alone, but depends also on the reasons for the delay" (People v Kornowski, 178 AD2d 984, 985, lv denied 89 NY2d 1096). The victim sufficiently explained that her fear of defendant prevented her from making the complaint sooner (see, People v McDaniel, supra, at 17). Nor did the testimony "include unnecessary or impermissible details" (People v Rawlinson, 280 AD2d 943; see also, People v McDaniel, supra, at 17-18).

The court did not improperly restrict defense counsel's use of leading questions during direct examination of defendant. The determination whether to allow a witness to answer leading questions rests within the sound discretion of the court (see, Prince, Richardson on Evidence § 6-232 [Farrell 11th ed]). Additionally, the court properly sustained the prosecutor's objection to defendant's nonresponsive answer to a question posed by the prosecutor on cross-examination.

Upon our review of the record, we conclude that defendant received effective assistance of counsel (see, People v Baldi, 54 NY2d 137, 147). The resentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—Sodomy, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Burns, JJ.