■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT D. PECKHAM, Appellant. [778 NYS2d 629]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 25, 2002. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). The jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]), and thus the verdict convicting defendant of sexual abuse is not against the weight of the evidence (*see People v Pope* [appeal No. 1], 6 AD3d 1128 [2004]; *People v Jackson,* 4 AD3d 848, 849 [2004]; *see generally Bleakley,* 69 NY2d at 495; *cf. People v Wallace,* 306 AD2d 802 [2003]). Defendant was not deprived of a fair trial by prosecutorial misconduct on summation (*see People v West,* 4 AD3d 791, 792 [2004]; *see also People v Halm,* 81 NY2d 819, 821 [1993]; *People v Kidd,* 265 AD2d 859 [1999], *lv denied* 94 NY2d 824 [1999]). County Court properly admitted the testimony of the victim's grandfather under the prompt complaint exception to the hearsay rule, and thus that testimony did not constitute improper bolstering (*see People v McDaniel,* 81 NY2d 10, 16-17 [1993]; *People v Kornowski,* 178 AD2d 984 [1991], *lv denied* 89 NY2d 1096 [1997]). Despite the victim's delay of at least 15 days in revealing the abuse (*see People v Rodriguez,* 284 AD2d 952 [2001], *lv*

*denied* 96 NY2d 924 [2001]; *Kornowski,* 178 AD2d at 984-985), the evidence demonstrates that the complaint was "made 'at the first suitable opportunity' " (*McDaniel,* 81 NY2d at 17). The testimony of the victim's grandfather did not "contain unnecessary or impermissible details" (*People v Rawlinson,* 280 AD2d 943, 943 [2001], *lv denied* 96 NY2d 833 [2001]; *see Rodriguez,* 284 AD2d 952 [2001]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.