■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMOS KEITH, Appellant. (Appeal No. 1.) [808 NYS2d 536]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 21, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and, in appeal No. 2, he appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of

a weapon in the third degree (§ 265.02 [4]). Defendant contends that his waiver of the right to appeal entered with respect to each plea of guilty was invalid and that each plea was not knowingly, voluntarily and intelligently entered because Supreme Court failed to advise him that the sentences imposed were increased based on his prior record, in violation of *Apprendi v New Jersey* (530 US 466 [2000]) and *Blakely v Washington* (542 US 296 [2004]). We reject that contention. Defendant's reliance on those cases is misplaced, because they apply only when there is an increase in the statutory maximum, and here there was no such increase.

Defendant further contends that he was denied effective assistance of counsel because defense counsel failed to move to withdraw defendant's respective pleas of guilty based on defendant's claims of innocence during the presentence investigation. We also reject that contention. Defendant's unsupported claims of innocence were conclusory and unsupported and, indeed, were contrary to defendant's admissions during the plea colloquy (*see People v Gaskin*, 2 AD3d 347 [2003], *lv denied* 2 NY3d 740 [2004]; *People v Campeau*, 300 AD2d 1082 [2002], *lv denied* 99 NY2d 613 [2003]). It is well settled that "[t]here can be no denial of effective assistance of [defense] counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

The further contention of defendant concerning the severity of the sentence in each appeal is encompassed by his waiver of the right to appeal entered with respect to each plea (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). We note, however, that the sentence imposed in appeal No. 2 is illegal insofar as the court imposed a five-year period of postrelease supervision upon the conviction of criminal possession of a weapon in the third degree (*see* Penal Law former § 70.45 [2]). We therefore modify the judgment in appeal No. 2 by reducing the period of postrelease supervision to a period of three years (*see e.g. People v Ehrhardt*, 292 AD2d 790, 790-791 [2002], *lv denied* 98 NY2d 675 [2002]; *People v Rawlinson*, 280 AD2d 943 [2001], *lv denied* 96 NY2d 833 [2001]), the maximum allowed. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.