THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE FELIX, Appellant. [821 NYS2d 338]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered March 30, 2005. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree, sexual abuse in the first degree, and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), sexual abuse in the first degree

(§ 130.65 [1]) and assault in the second degree (§ 120.05 [2]). Defendant contends that Supreme Court erred in permitting two witnesses to testify that the victim informed them that defendant attacked her. We reject that contention. Although the victim informed one of the witnesses of the attack two days after it occurred and she informed the other witness of the attack three days after it occurred, we nevertheless conclude that the testimony was properly admitted under the prompt outcry exception to the hearsay rule (*see People v McDaniel*, 81 NY2d 10, 17 [1993]; *People v Peckham*, 8 AD3d 1121, 1121-1122 [2004], *lv denied* 3 NY3d 679 [2004]). Although the victim previously had informed one of the two witnesses as well as another acquaintance who is a police officer that the bruises on her face were caused by a fall, we conclude that the court properly determined that the victim made the complaint at the first suitable opportunity inasmuch as the victim explained that she did not make the complaint sooner because she was ashamed and embarrassed that she had permitted defendant to enter her apartment (*see People v Rodriguez*, 284 AD2d 952 [2001], *lv denied* 96 NY2d 924 [2001]; *People v Kornowski*, 178 AD2d 984, 985 [1991], *lv denied* 89 NY2d 1096 [1997]; *cf. People v Allen*, 13 AD3d 892, 894-897 [2004], *lv denied* 4 NY3d 883 [2005]).

We reject the further contention of defendant that the court erred in permitting his former girlfriend to testify with respect to certain uncharged crimes, i.e., sexual conduct engaged in by defendant against her will. We conclude that the conduct is "sufficiently unique to make the evidence of the uncharged crimes 'probative of the fact that he committed the one[s] charged' " (*People v Beam*, 57 NY2d 241, 251 [1982]; *see People v Allweiss*, 48 NY2d 40, 47-49 [1979]; *People v Toland*, 284 AD2d 798, 803-804 [2001], *lv denied* 96 NY2d 942 [2001]; *see generally People v Mateo*, 93 NY2d 327, 332 [1999]).

Defendant failed to preserve for our review his contention that the court erred in permitting two police officers to testify with respect to the lineup (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.