People v Dillard (2024 NY Slip Op 02616)

People v Dillard

2024 NY Slip Op 02616

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

39 KA 22-00394

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LYDELL C. DILLARD, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered December 9, 2016. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sexual act in the third degree (Penal Law § 130.40 [2]), arising from allegations that he engaged in sexual conduct with a 16-year-old girl. We affirm.
We reject defendant's contention that County Court erred in permitting the testimony of multiple witnesses under the prompt outcry exception to the hearsay rule (see People v Felix, 32 AD3d 1177, 1178 [4th Dept 2006], lv denied 7 NY3d 925 [2006]; see also People v Shepherd, 83 AD3d 1298, 1299-1300 [3d Dept 2011], lv denied 17 NY3d 809 [2011]; People v Stuckey, 50 AD3d 447, 448 [1st Dept 2008], lv denied 11 NY3d 742 [2008]). Even assuming, arguendo, that the court erred in permitting the testimony to exceed its proper scope, we conclude that any such error is harmless (see People v Rice, 75 NY2d 929, 932 [1990]).
Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal (see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that "the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Orta, 12 AD3d 1147, 1147 [4th Dept 2004], lv denied 4 NY3d 801 [2005]; see People v Wilcox, 192 AD3d 1540, 1541 [4th Dept 2021], lv denied 37 NY3d 961 [2021]; People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court