■ In the Matter of JOHN BROWN, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondents to grant the petitioner access to reports regarding his activities while on parole, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered October 8, 1986, which granted the respondents' motion to dismiss the petition for lack of jurisdiction.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, an inmate at the Green Haven Correctional Facility, commenced the present CPLR article 78 proceeding to compel disclosure of information allegedly relevant to the revocation of his parole. The petitioner, however, failed to personally serve a notice of petition on the respondents and the New York State Attorney-General (CPLR 403 [c]; 307 [1]) and similarly failed to seek an order to show cause with an application for a substituted method of service (CPLR 308 [5]; 7804 [c]). The failure of the petitioner to acquire personal jurisdiction over the respondents is a fatal jurisdictional defect precluding further action by this court (see, Macchia v Russo, 67 NY2d 592). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.