■ In the Matter of MICHAEL KELLY, Respondent, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Green Haven Temporary Release Committee which denied the petitioner's application for temporary release from the Green Haven Correctional Facility, the appeal is from a judgment of the Supreme Court, Dutchess County (Nastasi, J.), entered May 12, 1988, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The petitioner, an inmate at the Green Haven Correctional Facility, commenced the instant CPLR article 78 proceeding to review the denial of his application for a medical leave of absence to attend a cardiac rehabilitation program under the temporary release program (Correction Law § 851 et seq.). The petitioner failed, however, to personally serve a notice of petition on the respondents and the New York State Attorney-General (see, CPLR 403 [c]; 307 [1]), and similarly failed to seek an order to show cause to authorize his use of service by mail in lieu of personal service (see, CPLR 308 [5]; 7804 [c]; Matter of Brown v Scully, 135 AD2d 713). The petitioner therefore failed to acquire personal jurisdiction over the respondents, and this fatal jurisdictional defect requires dismissal of this proceeding (see, Macchia v Russo, 67 NY2d 592; Matter of Brown v Scully, supra, at 713; Matter of Dello v Selsky, 135 AD2d 994; Matter of Scott v Coughlin, 111 AD2d 480). In any event, this proceeding is barred by the four-month Statute of Limitations (see, Matter of Soto v New York State Bd. of Parole, 107 AD2d 693, affd 66 NY2d 817). Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.