[707 NYS2d 252]

In the Matter of ANTHONY SCHROEDEL, Petitioner, v FRANK J. LABUDA, as Sullivan County Judge, et al., Respondents.

Third Department, April 13, 2000 ·

## APPEARANCES OF COUNSEL

*Kevin M. Doyle, Capital Defender,* Albany (*Elizabeth Harrison* of counsel), for petitioner.

*Stephen F. Lungen, District Attorney* of Sullivan County, Monticello, respondent *pro se.*

## OPINION OF THE COURT

MUGGLIN, J.

On July 8, 1999, petitioner was arraigned on an 18-count indictment. Included were two counts of murder in the first degree. Petitioner, with representation by counsel from the Capital Defender's Office, entered a plea of not guilty to every count in the indictment. Pursuant to CPL 250.40, County Court established November 3, 1999 as the final date for the District Attorney to file notice of intention to seek the death penalty. On September 17, 1999, petitioner appeared before County Court and offered an unconditional plea of guilty to the entire indictment. The People opposed the application asserting that the 120-day period within which to file the notice had not expired. County Court subsequently denied the application, concluding that petitioner's preemptive attempt to avoid the death penalty by pleading guilty prior to the expiration of the time for filing the notice of intent was prohibited under *Matter of Hynes v Tomei* (92 NY2d 613, *cert denied* 527 US 1015), whereupon petitioner commenced this CPLR article 78 proceeding.

At the core of petitioner's argument is the premise that the Court of Appeals' decision in *Matter of Hynes v Tomei* (*supra*) only prohibits pleas to first degree murder while a notice of intent to seek the death penalty is pending, not while the District Attorney's decision whether to file the notice is pending; therefore, in the absence of any filed notice, CPL 220.10 (2) gives petitioner the absolute right to enter a plea to the entire indictment. As a consequence, petitioner concludes that mandamus will lie to compel County Court to accept his

plea. We believe the premise to be fundamentally flawed and therefore dismiss the petition.

Our analysis begins by observing that in *Matter of Hynes v Tomei (supra)*, the Court of Appeals struck, as constitutionally infirm, only CPL 220.10 (5) (e) and 220.30 (3) (b) (vii), leaving the balance of the statute intact. And, while the decision in *Matter of Hynes v Tomei (supra)* does provide that a defendant may not plead guilty to first degree murder while a notice of intent to seek the death penalty is "pending," the decision does not address CPL 250.40 (2), which gives the People 120 days from the arraignment within which to determine whether to file the notice. Consequently, in our view, *Matter of Hynes v Tomei (supra)* should be read to interpret "pending" as meaning both after the notice of intent is filed and served and during the 120 days in which the People may file the notice. The adoption of petitioner's premise would not only render CPL 250.40 (2) meaningless, by forcing the People to file the notice with the indictment to prevent what petitioner is here attempting, but would also defeat the purpose of the death penalty statute by allowing a defendant, rather than the People, to initially determine whether the death penalty could be sought. Moreover, it would permit what *Matter of Hynes v Tomei (supra)* prohibits, i.e., two statutory maximum penalties for the same crime, since a pleading defendant would escape the death penalty while a nonpleading defendant might not.

■ Next, we hold that petitioner's conclusion that mandamus is an available remedy to compel County Court to accept the guilty plea is also flawed. It is well settled that mandamus is an extraordinary remedy and will not lie to compel performance of "those acts the exercise of which is discretionary," but will lie to compel performance of "those acts which are mandatory but are executed through means that are discretionary" (*Klostermann v Cuomo*, 61 NY2d 525, 539; *see, Matter of National Auto Weld v Clynes*, 89 AD2d 689). While petitioner concedes that County Court retains discretion in deciding whether to accept his plea, he insists that the act of entertaining a plea is purely ministerial and thus, can be compelled by this Court. A review of the record establishes beyond doubt that County Court did entertain petitioner's proffered plea. We are further convinced that County Court properly exercised its discretion in refusing to accept the plea. Contrary to the assertions of petitioner, there is no constitutional right that a proffered plea of guilty be accepted (*see, North Carolina v Alford*, 400 US 25, 38; *Lynch v Overhosler*, 369 US 705, 719).

For these reasons, we believe County Court correctly concluded that, since the 120-day notice period had not expired, a legal bar existed to the acceptance of the plea (*see, e.g., People v Francois*, NYLJ, Feb. 17, 1999, at 38, col 5 [County Ct, Dutchess County, Dolan, J.]). The fact that this is a case of first impression in this Department and that the status of the law governing similar cases is undecided refutes petitioner's claim that he possesses a clear legal right to the acceptance of his plea (*see, Matter of Francois v Dolan*, 263 AD2d 483, *lv granted* 93 NY2d 818).

As a final matter, we note that petitioner alternatively seeks to have this Court treat his petition as an application for a writ of prohibition pursuant to CPLR 7803 (2). We hold that this request, not having been properly pleaded, is not before us (*see, Matter of Harper v Angiolillo*, 89 NY2d 761). Moreover, were we to entertain such an application on its merits, we would conclude that a writ of prohibition does not lie since petitioner has failed to demonstrate either a clear legal right to relief or that County Court acted in excess of its jurisdiction in refusing to accept the proffered plea of guilty. Significantly, "[p]rohibition is generally not available to collaterally review an arguable error of law committed in a pending criminal action" (*Matter of Jacobs v Altman*, 69 NY2d 733, 735).

CARDONA, P. J., MERCURE, CREW III and PETERS, JJ., concur.

Adjudged that the petition is dismissed, without costs.