■ In the Matter of ANTHONY BOTTOM, Petitioner, v ROBERT J. MURRAY, as Acting Director of Special Housing/Inmate Disciplinary Programs, Respondent. [718 NYS2d 535] —Proceeding unanimously dismissed without costs. Memorandum: Petitioner, an inmate at Auburn Correctional Facility, commenced this CPLR article 78 proceeding seeking to challenge a disciplinary determination by serving a copy of the notice of petition and petition on respondent and the Attorney General's office by ordinary mail. Respondent served an answer raising an objection in point of law that petitioner failed to serve the petition either personally or pursuant to the terms of an order to show cause and therefore failed to acquire personal jurisdiction over respondent. Because the answer raised a jurisdictional objection that could terminate the proceeding, Supreme Court should have disposed of that issue rather than transferring the proceeding to our Court (*see,* CPLR 7804 [g]). Nevertheless, in the interest of judicial economy, we will decide the jurisdictional issue.

The record establishes that petitioner failed to effect personal service of the notice of petition and petition upon respondent and the Attorney General (*see,* CPLR 307 [1], [2]; 403 [c]), and similarly failed to seek an order to show cause to authorize his use of service by mail in lieu of personal service (*see,* CPLR 308 [5]; 7804 [c]). Petitioner therefore failed to acquire personal jurisdiction over respondent (*see,* CPLR 7804 [c]; *Matter of Kelly v Scully,* 152 AD2d 698). Petitioner contends that he should be held to less stringent standards because he was proceeding *pro se* and received inaccurate information from a notice provided to inmates. We conclude, however, that this fatal jurisdictional defect requires dismissal of the proceeding (*see, Matter of Kelly v Scully, supra*).

In any event, were we to reach the merits, we would conclude that the determination is supported by substantial evidence (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). The remaining issues raised by petitioner are unpreserved for our review (*see, Matter of Dawes v McClellan,* 225 AD2d 830, 831), and we would decline to consider them in the interest of justice. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.