[738 NYS2d 782]

The People of the State of New York, Respondent, v Brandon Hall, Appellant.

Fourth Department, March 15, 2002

**APPEARANCES OF COUNSEL**

*R. Adrian Solomon,* Rochester, for appellant.

*Howard R. Relin, District Attorney,* Rochester (*Arthur G. Weinstein* of counsel), for respondent.

**OPINION OF THE COURT**

BURNS, J.

Defendant appeals from a judgment convicting him upon his plea of guilty of two counts each of murder in the first degree (Penal Law § 125.27 [1]) and murder in the second degree (Penal Law § 125.25 [1]). Supreme Court sentenced defendant to life imprisonment without parole on each count of murder in the first degree, to run concurrent to consecutive terms of 25 years to life on each count of murder in the second degree.

On appeal, defendant contends, inter alia, that his plea is invalid pursuant to the decision of the Court of Appeals in *Matter of Hynes v Tomei* (92 NY2d 613, *cert denied* 527 US 1015). In that case, the Court of Appeals determined that CPL 220.10 (5) (e) and 220.30 (3) (b) (vii), governing pleas of guilty to the crime of murder in the first degree, are unconstitutional because, "by statutory mandate, the death penalty hangs over only those who exercise their constitutional rights to maintain innocence and demand a jury trial" (*Matter of Hynes v Tomei, supra* at 626). The Court determined, however, that only those specific subdivisions must be stricken and that the remaining portions of those statutes are valid. The Court wrote that, "while a defendant may not plead guilty to first degree murder while a notice of intent to seek the death penalty is pending, plea bargaining to lesser offenses even when a notice of intent

is pending, or to first degree murder in the absence of a notice of intent, remains unaffected" (*Matter of Hynes v Tomei, supra* at 630). The challenge by defendant to the validity of his plea turns on the meaning of the term "pending" in that quoted language. According to defendant, the term "pending" includes the entire 120-day period during which the prosecutor may elect to file a notice of intent to seek the death penalty pursuant to CPL 250.40 (2), regardless of whether a notice of intent has in fact been filed. Defendant contends that his plea therefore is invalid because it was entered during that 120-day period.

■ Contrary to defendant's contention, the plea agreement offered by the People, allowing defendant to plead guilty in exchange for a sentence of life imprisonment without parole is, in itself, the People's "announcement of an intention not to seek [the death penalty]" (*Matter of Francois v Dolan,* 95 NY2d 33, 37). To interpret the term "pending" otherwise would be to hold that, even after entry of the plea but during the 120-day period, the People could nevertheless seek the death penalty, which clearly they could not do. Thus, we conclude that the plea bargaining at issue here, "in the absence of a notice of intent, remains unaffected" by the decision of the Court of Appeals in *Matter of Hynes v Tomei* (*supra* at 630; *see also, People v Mower,* 97 NY2d 239).

Also contrary to defendant's contention, our decision herein does not run counter to the decision of the Court of Appeals in *Matter of Francois v Dolan* (*supra*). In that case, the Court of Appeals wrote that, "until the completion of the statutorily provided deliberative process, either by the filing of a death penalty notice, announcement of an intention not to seek that sanction, or by the expiration of the statutory period to make that decision, a capital defendant does not have an unqualified right to plead guilty to the entire indictment" (*Matter of Francois v Dolan, supra* at 37). Here, the plea agreement offered by the People was the functional equivalent of an "announcement of an intention not to seek that sanction." Furthermore, our decision herein will avoid an "unseemly race to the courthouse between defense and prosecution to see whether a guilty plea or notice of intent to seek the death penalty will be filed first" (*Matter of Francois v Dolan, supra* at 39).

Defendant's reliance on the decision of the Third Department in *Matter of Schroedel v LaBuda* (264 AD2d 136, *lv denied* 95 NY2d 754, *cert denied* 531 US 860) is misplaced. In that case, petitioner offered an unconditional plea of guilty to the

entire indictment and, over the People's objection, sought to compel County Court to accept his plea prior to the expiration of the 120-day period in which to file a notice of intent to seek the death penalty. Had the court granted petitioner's application, the prosecutor's right to determine whether to seek the death penalty would in effect have been eliminated. In dismissing the petition, the Third Department stated, "[I]n our view, *Matter of Hynes v Tomei (supra)* should be read to interpret 'pending' as meaning both after the notice of intent is filed and served and during the 120 days in which the People may file the notice" (*Matter of Schroedel v LaBuda, supra* at 138). In so stating, the Third Department was recognizing the intention of the Legislature to provide the prosecutor with a period of time within which to exercise his discretion in determining whether to seek the death penalty (*see, Matter of Schroedel v LaBuda, supra* at 138). Here, however, the prosecutor exercised that discretion and offered the plea agreement, thereby determining not to pursue the death penalty. Thus, we conclude that defendant's plea is valid.

With respect to the remaining issues on appeal, we conclude that defendant specifically waived his contention that the court erred in allowing the District Attorney unrestricted subpoena power (*see, People v Santos-Sosa,* 233 AD2d 833, *lv denied* 89 NY2d 988; *People v Walker,* 222 AD2d 1121, *lv denied* 88 NY2d 887). Even in the absence of that specific waiver, we conclude that defendant "effectively waived [that contention] by his plea of guilty" (*People v Sampson,* 134 AD2d 706, 706, *affd* 73 NY2d 908; *see generally, People v Taylor,* 65 NY2d 1, 5). Defendant further contends that the constitutional prohibition against double jeopardy was violated because he pleaded guilty to first and second degree murder for the same offense. Defendant's comprehensive waiver of "the right to appeal the conviction on all grounds" encompasses that contention (*see, People v Almonte,* 288 AD2d 632; *see also, People v Muniz,* 91 NY2d 570, 574-575). In any event, the constitutional prohibition against double jeopardy bars successive prosecutions or punishments for the same criminal offense, not the simultaneous prosecution of a crime and its lesser included offenses, and therefore is inapplicable to defendant's contention (*see generally, United States v Dixon,* 509 US 688, 695-696).

Accordingly, we conclude that the judgment should be affirmed.

GREEN, J.P., HAYES, HURLBUTT and KEHOE, JJ., concur.

Ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.