that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]; *Matter of Joyce T.*, 65 NY2d 39, 45-46 [1985]; *Matter of Julia P.*, 8 AD3d 389 [2004]; *Matter of Erica D.*, 294 AD2d 435 [2002]; *Matter of Pauline Y.*, 193 AD2d 686 [1993]). After a psychiatrist interviewed the mother and reviewed her voluminous medical records pertaining to her history of mental illness, he opined that due to the chronic nature of her illness, the severity of her symptoms, and her lack of insight about her illness, if returned to the mother, the child would be at risk of being neglected in the present and foreseeable future (*see Matter of Winston Lloyd D.*, 7 AD3d 706, 707 [2004]; *Matter of Pariis L.*, 286 AD2d 501 [2001]; *Matter of Erica D., supra*).

The Family Court providently exercised its discretion by not conducting a separate dispositional hearing, as the petition was granted on the ground of mental illness (*see Matter of Joyce T., supra* at 46; *Matter of Julia P., supra; Matter of Winston Lloyd D., supra* at 707; *Matter of Nina D.*, 6 AD3d 702, 703 [2004]; *Matter of Michelle H.*, 228 AD2d 440 [1996]).

The mother's remaining contentions are without merit. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.

■ In the Matter of Sɪᴋᴏʀꜱᴋᴀ Eʟᴇᴏɴᴏʀᴀ, Appellant, v Nᴇᴡ Yᴏʀᴋ Sᴛᴀᴛᴇ Oꜰꜰɪᴄᴇ ᴏꜰ Tᴇᴍᴘᴏʀᴀʀʏ ᴀɴᴅ Dɪꜱᴀʙɪʟɪᴛʏ Aꜱꜱɪꜱᴛᴀɴᴄᴇ, Respondent. [796 NYS2d 555]—In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the State of New York Department of Health, dated May 16, 2003, which, after a fair hearing, denied the petitioner's application for reimbursement of certain medical expenses, the petitioner appeals from a judgment of the Supreme Court, Queens County (Golar, J.), dated April 16, 2004, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, the Supreme Court properly dismissed the proceeding for failure to effect proper service of the notice of petition (*see* CPLR 403 [c]; 307; *Matter of Rosenberg v New York State Bd. of Regents*, 2 AD3d 1003 [2003]; *Matter of Kelly v Scully*, 152 AD2d 698 [1989]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.

■ In the Matter of Fᴏᴏᴅ Pᴀʀᴀᴅᴇ, Iɴᴄ., Doing Business as Gʀᴇᴇɴꜰɪᴇʟᴅ Sʜᴏᴘʀɪᴛᴇ, Respondent, v Oꜰꜰɪᴄᴇ ᴏꜰ Cᴏɴꜱᴜᴍᴇʀ Aꜰꜰᴀɪʀꜱ ᴏꜰ Cᴏᴜɴᴛʏ ᴏꜰ Nᴀꜱꜱᴀᴜ et al., Appellants. [799 NYS2d 55]—