■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EURONE WHITE, Appellant. [804 NYS2d 826]—Appeal from a judg-

ment of the County Court of Ulster County (Bruhn, J.), rendered February 27, 2003, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal contempt in the first degree (two counts).

Defendant, charged in a multicount indictment with various crimes, agreed to plead guilty to burglary in the third degree and criminal contempt in the first degree in full satisfaction of the indictment and, in return, was to receive a sentence of six months in jail and five years probation. Prior to sentencing, defendant was rearrested. He waived indictment and agreed to be prosecuted by a superior court information charging him with two counts of criminal contempt in the first degree. In satisfaction of the new charges, he pleaded guilty to the two counts of criminal contempt in the first degree. Prior to defendant's entry of his plea, County Court informed him that it would not abide by the original sentencing agreement and that he would be sentenced to concurrent prison terms of $1^{1}/_{2}$ to $4^{1}/_{2}$ years on the burglary conviction and $1^{1}/_{3}$ to 4 years on the contempt convictions. Defendant agreed and was sentenced accordingly. He now appeals.

We find no merit to defendant's sole claim that the sentence imposed by County Court is harsh and excessive. Notwithstanding defendant's young age and lack of prior felony convictions, the crimes at issue evince a pattern of harassment of the victim and a complete disregard for the order of protection as well as the admonitions of the court. Defendant was fully aware of the consequences of his actions at the time of entering his initial plea. Consequently, we find that there are no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Benjamin*, 301 AD2d 876 [2003]; *People v Hale*, 268 AD2d 691 [2000]).

Mercure, J.P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.