THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER SHERWOOD, Appellant. [812 NYS2d 106]—

Judgments, Supreme Court, New York County (Rena K. Uviller, J.), rendered February 14, 2002, convicting defendant, upon his pleas of guilty, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant was not entitled to specific performance of the court's plea offer in which it had promised a sentence of 3 to 6 years. After considering the relevant sentencing factors, the court properly exercised its discretion in withdrawing that offer,

notwithstanding that it had agreed to keep it open for one week for defendant to decide whether to accept it. Even if defendant had accepted this disposition when it was first offered, he would have had no right to specific performance. The court would have still retained discretion to change its mind at any time prior to sentencing, provided the court "sufficiently demonstrated in the record that proper sentencing criteria counseled imposition of a different sanction than that agreed to originally" (*People v Schultz,* 73 NY2d 757, 758 [1988]). Here, the court properly concluded that the nature of the crimes, coupled with defendant's violent criminal history, required a more substantial sentence than previously indicated. The court was entitled to make such a determination entirely upon its reconsideration of facts already available at the time of the original offer (*id.*).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ.