(January 24, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. BROOKS-SINGH, Appellant. [849 NYS2d 363]—

Carpinello, J. Appeals from two judgments of the County Court (Czajka, J.), rendered May 19, 2006 and May 24, 2006 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree and attempted assault in the third degree.

On March 9, 2006, defendant pleaded guilty to the crimes of criminal contempt in the first degree and attempted assault in the third degree in satisfaction of a two-count indictment. The charges stemmed from a July 28, 2005 incident wherein he attempted to choke the victim, thereby violating an order of

protection. Thereafter, defendant was sentenced to concurrent terms of imprisonment of 1⅓ to 4 years on the first count and 15 days on the second count, and an order of protection was issued in the victim's favor. Defendant now appeals.

Defendant first contends that County Court (Herrick, J.) erred in withdrawing its initial plea offer—apparently made based upon mistaken or incomplete information—which would have resulted in a sentence of time served and probation. However, inasmuch as this issue is neither jurisdictional nor of a constitutional dimension (*see People v Humphrey*, 30 AD3d 766, 767 [2006], *lv denied* 7 NY3d 813 [2006]; *see also Weatherford v Bursey*, 429 US 545, 561 [1977]; *cf. Mabry v Johnson*, 467 US 504, 507-511 [1984]), defendant's right to appellate review of this issue was forfeited by his subsequent plea of guilty (*see People v Hansen*, 95 NY2d 227, 230-232 [2000]).

In any event, were we to reach the issue, we would find defendant's contention unavailing. The court has authority to withdraw a plea offer prior to the entry of a defendant's plea where, as here, the initial offer was based on misinformation (*see People v Sherwood*, 28 AD3d 259, 259-260 [2006], *lv denied* 7 NY3d 763 [2006]). The record establishes that, while defendant may have communicated to counsel his desire to accept the initial plea, no plea was entered prior to its withdrawal by County Court. Consequently, the court did not err in withdrawing its initial plea offer (*see id.*).

Finally, given defendant's criminal history and his history with the victim, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v White*, 23 AD3d 764, 765 [2005]; *People v Hale*, 268 AD2d 691, 692 [2000]).

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgments are affirmed.