◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE J. MUNOZ, Appellant. [855 NYS2d 748]——

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered March 20, 2007, convicting defendant upon his plea of guilty of three counts of the crime of assault in the second degree.

Defendant was charged in a 20-count indictment with crimes arising from various alleged heinous acts perpetrated upon three young children. As is relevant to this appeal, defendant's conduct included intentionally putting a caustic substance on a four-year-old girl's face causing disfigurement and impairment of her vision (count 10), fracturing the girl's right humerus when twisting her arm behind her back and pushing her into a corner for punishment (count 12), and inflicting cigarette burns on the arm of an eight-year-old boy (count 18). A plea was negotiated in which defendant pleaded guilty to counts 10, 12 and 18 in full satisfaction of all charges and he received an agreed-upon prison sentence of seven years each on counts 10 and 12, and three years on count 18, all to run consecutively. Defendant now appeals arguing that County Court erred in imposing consecutive sentences on counts 10 and 12.

Initially, we agree with defendant that his waiver of the right to appeal does not preclude consideration of his challenge to the legality of his sentence since that issue survives despite his waiver (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Carpenter*, 19 AD3d 730, 731 [2005], *lv denied* 5 NY3d 804

[2005]). However, defendant's underlying challenge to the sentence is unavailing. The record sufficiently establishes that the crimes to which he pleaded were "separate and distinct offenses committed by separate and distinct acts" (*People v Goodband*, 291 AD2d 584, 585 [2002]; *see People v Brown*, 80 NY2d 361, 363-364 [1992]; *cf. People v Dean*, 8 NY3d 929, 930-931 [2007]). Accordingly, consecutive sentences were proper for these counts.

Cardona, P.J., Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.