In the Matter of WALLACE DRAKE, Petitioner, v JOSEPH E. FAHEY, Onondaga County Court Judge, et al., Respondents. [967 NYS2d 846]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit the enforcement of a resentence.

It is hereby ordered that said petition is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original CPLR article 78 proceeding seeking relief in the nature of prohibition to prevent respondents from enforcing his resentencing. "The record establishes that petitioner failed to effect personal service of the notice of petition and petition upon . . . the Attorney General (*see*[ ] CPLR 307 [1], [2]; 403 [c]), and similarly failed to seek an order to show cause to authorize his use of service by mail in lieu of personal service (*see*[ ] CPLR 308 [5]; 7804 [c]). Petitioner therefore failed to acquire personal jurisdiction over respondent[s] (*see*[ ] CPLR 7804 [c]; *Matter of Kelly v Scully*,

152 AD2d 698 [, and] . . . th[at] fatal jurisdictional defect requires dismissal of the proceeding" (*Matter of Bottom v Murray*, 278 AD2d 817, 817 [2000]).

Dismissal of the proceeding is also required on the ground that petitioner failed to join and serve the Onondaga County District Attorney, a necessary party to this proceeding (*see* CPLR 1003, 7804 [i]; *Matter of Barnwell v Breslin*, 46 AD3d 990, 991 [2007]; *Matter of Thomas v Justices of Supreme Ct. of State of N.Y., Queens County*, 304 AD2d 585, 585-586 [2003]; *Matter of Arkim v Dillon*, 222 AD2d 1116, 1116 [1995]).

Based on our determination, we do not reach petitioner's remaining contentions. Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.