Lahtinen, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 18, 2011, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree (two counts), criminal contempt in the second degree and endangering the welfare of a child.
Defendant allegedly violated on three separate occasions— March 12, 2010, April 13, 2010 and April 21, 2010 — an order of protection directing him not to have contact with his former girlfriend or their child. On each occasion, he entered the former girlfriend’s home and reportedly had a physical altercation with her. The April 21, 2010 incident occurred in the presence of their then two-year-old child and involved defendant hitting, throwing down and choking the former girlfriend. He was indicted on three counts of criminal contempt in the first degree and one count of endangering the welfare of a child. Following a jury trial, he was convicted of two counts of criminal contempt in the first degree arising from the March 12, 2010 and April 21, 2010 incidents, a lesser-included count of criminal contempt in the second degree for the April 13, 2010 incident, and endangering the welfare of a child. County Court sentenced him to consecutive prison terms of lVs to 4 years for the two counts of criminal contempt in the first degree and concurrent one-year terms on the remaining two counts. Defendant appeals.
The convictions were supported by legally sufficient evidence. “In reviewing whether a jury verdict is supported by sufficient evidence, we ‘must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial’ ” (People v Clark, 65 AD3d 755, 757 [2009], lv denied 13 NY3d 906 [2009], quoting People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant’s contention that the People failed to establish that the order of protection was in effect on the pertinent dates, the order — which was received into evidence — is dated March 6, 2009 and states that it remains in effect until March 6, 2011, a time frame which encompasses the dates of defendant’s alleged violations of the order. As for the conviction of endangering the welfare of a child, the proof regarding the child’s very close proximity in witnessing the physical assault on the child’s mother on April 21, 2010, as well *1356 as the nature of the assault, was sufficient to uphold the conviction of that crime (see People v Bell, 80 AD3d 891, 891 [2011]; People v Lewis, 46 AD3d 943, 945-946 [2007]; People v Van Guilder, 29 AD3d 1226, 1228 [2006], lv denied 7 NY3d 796 [2006]).
Defendant received the effective assistance of counsel. “So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met” (People v Baldi, 54 NY2d 137, 147 [1981] [citations omitted]). Review of the record reveals that counsel, among other things, conducted probing cross-examination of prosecution witnesses, successfully argued for a missing witness charge, made an effective closing argument and obtained a conviction on a lesser included offense on one of the charges. The representation provided was, under all the circumstances, meaningful (see People v Rogers, 94 AD3d 1246, 1251 [2012], lv denied 19 NY3d 977 [2012]).
We are unpersuaded by defendant’s argument that imposing consecutive sentences on the two convictions for criminal contempt in the first degree was illegal or, alternatively, harsh and excessive. The two crimes involved separate and distinct acts committed over a month apart and, thus, consecutive sentences were clearly legally permissible (see People v Collins, 56 AD3d 809, 811 [2008], lv denied 11 NY3d 923 [2009]; People v Munoz, 50 AD3d 1316, 1317 [2008], lv denied 10 NY3d 962 [2008]). In light of defendant’s long history of low-level crimes, blaming of the former girlfriend, failure to take responsibility for his actions, repeated willingness to violate a court order, and continued resort to domestic violence when violating the order, we conclude that County Court acted well within its discretion in imposing consecutive sentences, and we find no extraordinary circumstances warranting a reduction thereof (see People v White, 23 AD3d 764, 765 [2005]; People v Redeye, 8 AD3d 829, 830 [2004]; People v Bonilla, 285 AD2d 746, 748 [2001]).
Peters, P.J., Rose and Garry, JJ., concur. Ordered that the judgment is affirmed.