## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   September 15, 2016                  521640
_____

INJAH UNIQUE TAFARI, Also
   Known as RICHARDO ORLANDO
   FOUST,
              Appellant,
    v                                    MEMORANDUM AND ORDER

VIJAKUMAR MANDALAYWALA et al.,
              Respondents.
_____

Calendar Date:   August 8, 2016

Before:   McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

     Injah Unique Tafari, Elmira, appellant pro se.

     Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Arnold of counsel), for respondents.

_____

     Appeal from an order of the Supreme Court (Elliott III, J.), entered July 20, 2015 in Albany County, which granted defendants' motion to dismiss the complaint.

     Plaintiff commenced this action pursuant to 42 USC § 1983 claiming that he had received inadequate medical care, naming as defendants medical and administrative personnel employed by the Department of Corrections and Community Supervision.  After plaintiff served the Attorney General and defendants by first class mail rather than by personal service, defendants moved to dismiss the complaint on the ground that, among others, they had not been properly served as required by CPLR 308.  Supreme Court granted defendants' motion to dismiss the complaint based upon lack of personal jurisdiction, and plaintiff now appeals.

As the Attorney General concedes in his brief, the order of Supreme Court should be reversed and the matter remitted for the court to rule on plaintiff's undecided motion for an order to show cause authorizing an alternate method of service pursuant to CPLR 308 (5) (see Born to Build, LLC v Saleh, 139 AD3d 654, 655 [2016]; Contimortgage Corp. v Isler, 48 AD3d 732, 734 [2008]). The record reflects that, in May 2014, when plaintiff sent the summons and complaint to the Albany County Supreme Court Clerk, he included, among other things, an application for poor person status as well as a motion for an order to show cause to serve defendants by regular mail per CPLR 308 (5) (compare Matter of Drake v Fahey, 107 AD3d 1634, 1634 [2013]). Supreme Court (McGrath, J.) granted poor person status, but did not rule on the motion regarding service; that order and the supporting documents were mailed to plaintiff and filed with the Albany County Clerk on December 12, 2014. Plaintiff thereafter mailed the complaint by first class mail to the Attorney General and defendants. Defendants then moved to dismiss the complaint based upon, among other grounds, lack of personal jurisdiction due to noncompliance with the service requirements of CPLR 308. Plaintiff opposed the motion, alerting the court that there had been no ruling on his motion, conceding that he had served the complaint in the absence of a ruling, and requesting permission to withdraw the complaint as premature and for a ruling on the motion.

Supreme Court (Elliott III, J.), finding that plaintiff had not properly served defendants, granted defendants' motion to dismiss for lack of personal jurisdiction. The court indicated that it found no proof in its file that plaintiff had made an application seeking an order to show cause for approval to use an alternative service method. On appeal, the Attorney General confirms that a review of the Albany County Clerk's file establishes that — in addition to plaintiff's notice, summons, verified complaint and request for poor person status — the Albany County Clerk's office also received plaintiff's affidavit in support of a motion for an order to show cause seeking permission to serve the papers by regular mail. Given that this improvised service motion was never decided, the order granting defendants' motion to dismiss based on lack of personal jurisdiction must be reversed and the matter remitted for the court to render a decision on plaintiff's motion for an order to

show cause.

McCarthy, J.P., Lynch, Rose, Clark, and Aarons, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, motion to dismiss denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court