People v Lapham (2019 NY Slip Op 03848)





People v Lapham


2019 NY Slip Op 03848


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

109518

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHRISTOPHER LAPHAM, Appellant.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Sandra M. Colatosti, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered February 14, 2017 in Clinton County, upon a verdict convicting defendant of the crimes of criminal contempt in the second degree (18 counts) and aggravated family offense (18 counts).
Defendant, having been previously convicted of criminal contempt in the first degree, was sentenced on May 7, 2012 to five years of probation, and an order of protection was issued in favor of the mother of his child (hereinafter the victim), with a scheduled expiration date of May 7, 2017 [FN1]. In March 2016, the victim filed a complaint with the Plattsburgh Police Department alleging, as relevant here, that defendant had sent her numerous unwanted text messages over the course of 18 separate days between September 2015 and February 2016 in violation of the order of protection. Defendant was thereafter arrested and charged by indictment with criminal contempt in the second degree (18 counts) and aggravated family offense (18 counts). Following a jury trial, defendant was convicted as charged and thereafter sentenced, as a second felony offender, to concurrent and consecutive terms, resulting in a maximum prison term of 6 to 12 years. Defendant appeals.
Defendant initially contends that the indictment was jurisdictionally defective because it failed to allege a material element of the crime of aggravated family offense, namely, that defendant and the victim were members of the same family or household. We disagree. An indictment is jurisdictionally defective where it fails to notify the defendant of the crime charged by alleging "facts supporting every element of the offense charged and the defendant's commission thereof with sufficient precision to clearly apprise the defendant of the conduct [*2]which is the subject of the accusation" (People v Morris, 61 NY2d 290, 293 [1984] [internal quotation marks, ellipses and citation omitted]; see People v D'Angelo, 98 NY2d 733, 735 [2002]; People v Dubois, 150 AD3d 1562, 1564 [2017]). An indictment charging a person with an aggravated family offense must provide allegations of fact demonstrating that defendant has committed a statutorily enumerated "specified offense" pursuant to Penal Law § 240.75 (2) and, within the preceding five years, has also been convicted of at least one other specified offense (see Penal Law § 240.75 [1]). To that end, an indictment charging an aggravated family offense must be accompanied by a special information (see CPL 200.63 [1]), alleging that the defendant was previously convicted of a specified offense as defined in Penal Law § 240.75 (2) and "that at the time of the previous offense the defendant and the person against whom the offense was committed were members of the same family or household as defined in [CPL 530.11]" (CPL 200.63 [1]; see Penal Law § 240.75).
For each of the 18 counts of aggravated family offense, the indictment indicates the specified offense that defendant is alleged to have committed (i.e., criminal contempt in the second degree), and that it is based upon defendant's alleged violation of an order of protection issued on May 7, 2012. In conjunction with the indictment, the People also filed a special information alleging that defendant was previously convicted of criminal contempt in the first degree (see Penal Law § 215.51 [b] [iv]) — a qualifying specified offense (see Penal Law § 240.75 [2]) — within the preceding five years and, at the time of said conviction, the alleged victim and defendant were members of the same household. Although the special information did not specifically indicate the charges in the indictment to which it pertained, all 18 counts of aggravated family offense charged in the indictment relate to separate and distinct violations of the same May 2012 order of protection issued in favor of the victim. Although the better practice would have been for the special information to indicate each of the specific counts to which it related, we find that, as filed, the special information was sufficient to provide defendant with notice of the charges against him so as to allow him to prepare an adequate defense (cf. People v Feliciano, 150 AD3d 579, 579 [2017], lv denied 29 NY3d 1126 [2017]). Accordingly, we find that the indictment, as accompanied by the requisite special information, was not jurisdictionally defective (see id. at 579; People v Parrilla, 145 AD3d 629, 629-630 [2016], lv denied 29 NY3d 951 [2017]).
Defendant next contends that the jury's verdict was not supported by legally sufficient evidence and was against the weight evidence as the People failed to prove his intent to violate the subject order of protection because there was insufficient proof at trial establishing that he was provided actual knowledge of the order of protection and its contents. "When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (People v Brown, 61 AD3d 1007, 1009 [2009] [internal quotation marks and citations omitted]; see People v Crippen, 156 AD3d 946, 950 [2017]). In order to find defendant guilty of criminal contempt in the second degree, the People were required to prove that he intentionally disobeyed or resisted the lawful process or a mandate of a court other than one involving or growing out of a labor dispute (see Penal Law § 215.50 [3]). In order to find defendant guilty of an aggravated family offense, the People were required to prove, as relevant here, that he committed the specified offense of criminal contempt in the second degree (see Penal Law § 240.75 [1], [2]).
The evidence presented at trial established that, after dating for approximately four years and having a child together, defendant and the victim's relationship ended in 2010 as the result of "a lot of domestic violence" and, based thereon, an order of protection was issued in favor of the victim. Defendant was subsequently convicted of criminal contempt in the first degree as a result of violating this order of protection and, at his May 7, 2012 sentencing, Supreme Court issued a new order of protection. Although defendant did not sign this order of protection, the transcript of this sentencing — which was received in evidence — establishes that defendant was present in court and advised as to the issuance of the order and its relevant [*3]contents. Moreover, a lieutenant with the Clinton County Sheriff's Department testified that, four days later, he personally served defendant with a copy of this order. Recorded telephone calls between defendant and his mother while he was incarcerated confirmed defendant's knowledge of the subject order, and the victim unequivocally testified that the text messages she received during the relevant time period all came from defendant. Accordingly, we find that there was legally sufficient evidence presented at trial from which a rational juror could conclude that defendant was aware of the May 2012 order of protection and intended to violate it. Turning to the weight of the evidence, although a different verdict would not have been unreasonable, viewing the evidence in a neutral light and according due deference to the jury's factual assessments and credibility determinations, we are satisfied that the verdict was supported by the weight of the evidence (see People v Myers, 160 AD3d 1029, 1030-1031 [2018]; People v Richardson, 155 AD3d 1099, 1103 [2017]]).
Lastly, we reject defendant's contention that the sentence imposed was harsh and excessive. Given defendant's criminal history — which includes a prior felony conviction for criminal contempt in the first degree and two convictions for criminal contempt in the second degree all involving the same victim — lack of remorse and continued blaming of the victim, he has demonstrated a consistent inability to abide by court orders and refrain from contact with the victim. Accordingly, we find no abuse of discretion or extraordinary circumstances warranting a modification of his sentence in the interest of justice (see People v Crippen, 156 AD3d at 953; People v Lawing, 110 AD3d 1354, 1356 [2013], lv denied 22 NY3d 1200 [2014]; People v White, 23 AD3d 764, 765 [2005]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: This Court previously affirmed a judgment revoking defendant's probation and sentencing him to 1 to 3 years in prison for willfully violating both the order of protection and the terms and conditions of his probation (People v Lapham, 117 AD3d 1341 [2014], lv denied 23 NY3d 1064 [2014]).