24CA0408 Peo v Barron 11-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0408
City and County of Denver District Court No. 22CR3865
Honorable A. Bruce Jones, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Tony A. Barron,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Joseph Chase, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Tony A. Barron, appeals the judgment of conviction entered pursuant to a plea agreement.  Barron asks us to reverse his conviction and require the prosecution to re-extend a previous plea offer because he detrimentally relied on the prosecutor's promise to hold that offer open.  We conclude that Barron waived this argument by pleading guilty pursuant to a later plea agreement.  Accordingly, we affirm the judgment.

## I.    Background

¶ 2     In July 2022, following an armed robbery at a McDonald's, Barron was charged with one count of aggravated robbery as a crime of violence and one count of third degree assault.

¶ 3     Barron's case was initially set for a preliminary hearing in August 2022 before the county court.  On the scheduled hearing date, Barron's public defender asked to continue the hearing and waived Barron's right to have the hearing within thirty-five days of his request for a hearing.  *See* Crim. P. 5(a)(4)(I); Crim. P. 7(h)(2).  Defense counsel explained at the time that she needed additional time to look into the cases Barron had pending in other jurisdictions.  The court granted her request and reset the hearing.

1

¶ 4    Although there was no mention of a plea offer during the colloquy before the court, the parties agree that the prosecutor extended an offer that day for Barron to plead guilty to one count of aggravated robbery with a sentencing range of ten to sixteen years. They also seem to agree that the prosecutor said she would hold the offer open until the next hearing date. Defense counsel later indicated that she conveyed the offer to Barron at that time but that he didn't accept it then because they hadn't yet had a chance to discuss it and hadn't yet received all the discovery from the prosecution. She also later said that she had waived the thirty-five-day rule in order "to keep the offer open on the table."

¶ 5    At the next scheduled hearing date in September, defense counsel again asked to continue the preliminary hearing and reiterated that Barron had already waived the thirty-five-day rule. Defense counsel explained that she had just learned that the prosecutor was filing additional charges and that this had "change[d] the calculus that [Barron] needs to make regarding a waiver or moving forward." She further explained that she "would also like to do additional work on the case" before the preliminary hearing. The court granted that request and reset the hearing.

¶ 6    Again, there was no mention of a plea offer during the discussion with the court.  But defense counsel later indicated that while the parties were there, she discussed the plea offer with the prosecutor and with Barron.  She specified that the prosecutor had said the original offer would remain open until the next hearing date and that she and Barron needed more time to discuss it.

¶ 7    That same day, the prosecutor filed an amended complaint and information adding another count of aggravated robbery against a second victim.

¶ 8    A few days before the next hearing date in October, Barron apparently discussed the case with his counsel and decided to accept the prosecutor's offer.  But before his counsel communicated his acceptance to the prosecutor, the prosecutor revoked the offer.  Accordingly, on the October hearing date, defense counsel sought and obtained a continuance to determine how to proceed.

¶ 9    In November, Barron requested a hearing under *People v. Bergerud*, 223 P.3d 686 (Colo. 2010), to replace his public defender with alternate defense counsel.  Barron cited the public defender's failure to communicate his acceptance of the plea offer before the prosecutor's revocation as the main reason for their "extreme

differences." The court found a conflict between Barron and his public defender and appointed alternate defense counsel.

¶ 10    After taking some time to get up to speed on the case, Barron's newly appointed alternate defense counsel moved to enforce the original plea offer. Defense counsel argued that the prosecutor's original offer had to be enforced because Barron detrimentally relied on the prosecutor's promise to hold it open when he waived his right to a preliminary hearing within thirty-five days. The county court held a hearing, at which it heard testimony from the originally appointed public defender and argument from both sides. It then found that Barron had not waived his right to a preliminary hearing within thirty-five days in reliance on the prosecutor's promise to hold the plea offer open, reasoning that Barron "waived [the thirty-five-day rule] a number of times" and "nothing before th[e] court necessarily strongly implicates that there was in fact that detrimental reliance, even on the [October hearing date]." The court explained that there was no mention at the time of the waivers of any promises to keep a plea offer open; rather, Barron's counsel had articulated other reasons — like waiting for discovery and

taking time to discuss the added charge with his counsel — for his waivers. Accordingly, the court denied the motion.

¶ 11 Eventually, the case was bound over to the district court. Then, in November 2023, Barron pleaded guilty to a count of aggravated robbery with a stipulated sentence of twenty-five years in the custody of the Department of Corrections. The district court accepted the plea and sentenced Barron accordingly.

## II. Appellate Review Following a Guilty Plea

¶ 12 Barron argues that the county court erred by finding that he didn't detrimentally rely on the prosecutor's promise to hold the plea offer open. More fundamentally, he argues that his due process rights were violated when the prosecutor rescinded the plea offer after he had detrimentally relied on that offer when he waived his right to a preliminary hearing within thirty-five days. *See People v. Macrander*, 756 P.2d 356, 359 (Colo. 1988) (as a matter of due process, governmental promises, such as those made in plea negotiations, are enforceable to the extent that a defendant detrimentally relied on them). We conclude that Barron waived this claim when he later pleaded guilty pursuant to a different plea offer.

¶ 13    A guilty plea generally precludes review of any issues that arose before the plea. *Neuhaus v. People*, 2012 CO 65, ¶ 8. Thus, "[a] 'guilty plea represents a break in the chain of events [that] has preceded it in the criminal process,' after which a defendant may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *People v. Jennings*, 2021 COA 112, ¶ 8 (quoting *Neuhaus*, ¶ 8); *accord Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

¶ 14    On appeal, Barron doesn't contend that his claim implicates any of the limited exceptions to this general rule. *See, e.g.*, *People v. McMurtry*, 122 P.3d 237, 240 (Colo. 2005) (a guilty plea doesn't waive a challenge to the court's subject matter jurisdiction, which may be raised at any time); *Patton v. People*, 35 P.3d 124, 128 (Colo. 2001) (a guilty plea doesn't waive a claim that double jeopardy precludes the State's prosecution of the defendant); *Jennings*, ¶ 26 (a guilty plea doesn't waive a claim of actual judicial bias).

¶ 15    Rather, Barron asserts that his claim can proceed because it "relate[s] directly to the constitutionality of the plea process itself." But he doesn't in any way challenge the adequacy of his later guilty plea. Nor does he assert that his alleged detrimental reliance earlier

in the proceedings somehow affected the voluntary, knowing, or intelligent character of that eventual plea. *See Patton*, 35 P.3d at 128 ("Because a guilty plea effectuates such an extensive waiver, a challenge to the conviction entered thereon is normally limited to whether the plea itself was voluntary and intelligent."). Instead, his argument is based on a different plea-negotiation process, with a different counsel, that preceded his guilty plea by more than a year.

¶ 16 Because Barron is challenging an earlier plea-negotiation process and because he hasn't directly linked that process to his eventual guilty plea, we conclude that just like other alleged constitutional violations that precede a guilty plea, the claim of detrimental reliance was waived as a result of Barron's guilty plea. *See Jennings*, ¶ 8; *Neuhaus*, ¶ 8; *see also People v. Brooks-Singh*, 849 N.Y.S.2d 363, 364 (App. Div. 2008) (the "defendant's right to appellate review" of any issues relating to the withdrawal of an earlier plea offer "was forfeited by his subsequent plea of guilty").

¶ 17 And because Barron doesn't raise any other challenge to his conviction — particularly whether his guilty plea was knowing, voluntary, or intelligent — his plea must stand. *See People v. Smith*, 2017 COA 12, ¶ 12 (appellate courts presume the validity of

a judgment entered pursuant to a guilty plea); *see also Mabry v. Johnson*, 467 U.S. 504, 508-10 (1984) (the defendant couldn't challenge the withdrawal of an earlier plea offer because he didn't show that his later guilty plea pursuant to a different plea offer was not knowing, voluntary, and intelligent), *overruled in part on other grounds by*, *Puckett v. United States*, 556 U.S. 129 (2009).

## III. Disposition

The judgment is affirmed.

JUDGE WELLING and JUDGE SULLIVAN concur.